THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD
KNOX, Appellant.

Fourth Department, March 14, 1928.

**Crimes — identification — verdict against defendant against weight of
evidence — sentence as second offender under Penal Law, § 1943, was
illegal.**

The verdict of the jury convicting the defendant of the crime of attempted robbery,
first degree, was against the weight of the evidence and the judgment of convic-
tion must be reversed, since it appears that the identification by the complaining
witness was materially weakened by the misdescription that he gave to the police
at the time of the crime and the uncertain identification by another witness for
the prosecution.  The testimony by the defendant's witnesses was sufficient to
overcome the evidence by the prosecution.

The sentence of the defendant as a second offender under section 1943 of the
Penal Law was illegal.  The information did not charge a prior conviction
for a crime which if committed within this State would have been a felony.
The fact that the defendant admitted " car burglary " under a Federal statute
does not show that the crime so admitted would have been a felony if committed
here.  The indictment in the Federal court and the sentence and judgment
of conviction were not offered and received in evidence.

A further and fatal defect is that the defendant was not informed by the court
of the allegations contained in the information and of his right to be tried as
to the truth of the allegations that he had been previously convicted of a felony.

APPEAL by the defendant from a judgment of the County Court
of the county of Erie, entered on the 10th day of June, 1927.

After a conviction for the crime of attempted robbery in the
first degree and sentence of fifteen years, the judgment resentenced
defendant at hard labor in Auburn Prison for twenty-five years
pursuant to an information under section 1943 of the Penal Law
(as amd. by Laws of 1926, chap. 457) alleging a prior conviction
in United States District Court at Buffalo for the felony of car
burglary under the Carlin Act.  (See 37 U. S. Stat. at Large, 670,
chap. 50; since amd. by 43 id. 793, chap. 102; now U. S. Code,
tit. 18, § 409 et seq.  See, also, U. S. Crim. Code [35 U. S. Stat.
at Large, 1152], § 335; now U. S. Code, tit. 18, § 541.)

*William B. Mahoney*, for the appellant.

*Guy B. Moore*, District Attorney [*Leo J. Hagerty* of counsel],
for the respondent.

PER CURIAM.  We are of the opinion that the identity of the
defendant was not established beyond a reasonable doubt, and that
the verdict on that point is against the weight of the evidence.
Dr. Goldberg's identification, weakened by the gross misdescription
which he gave to the police immediately after the hold-up, coupled

with the uncertain identification by the witness Green, is not sufficient to warrant the verdict of the jury in view of the testimony given by the defendant and the five witnesses who testified on his behalf.

The judgment of conviction should be reversed and a new trial granted.

It may also be well to state that in our opinion the sentence of defendant as a second offender under section 1943 of the Penal Law (as amd. by Laws of 1926, chap. 457) was illegal. The information did not charge prior conviction for a crime which, if committed within this State, would be a felony. (See Penal Law, § 1941, as amd. by Laws of 1926, chap. 457.) The Carlin Act declares a variety of matters to be felonies under the Federal law. Some of those matters might be felonies under our law, and others would not. "Car burglary," which is a felony under the Carlin Act, might or might not be a felony under our law, depending upon the facts. Neither was there any adequate proof of such prior conviction. An admission by defendant that " he was convicted under Carlin Act " was insufficient to warrant a finding that he had been convicted of a crime which, if committed in this State, would have been a felony. Neither is there anything to show that the indictment in the Federal court and the sentence and judgment of conviction were offered or received in evidence. Finally, there is nothing to show that the defendant was informed by the court of the allegations contained in such information and of his right to be tried as to the truth thereof, according to law. " This should have been done because the statute says so. It is not a formality which is to be brushed aside as unnecessary." (*People* v. *Gowasky*, 244 N. Y. 451, 463.)

All concur. Present — Hubbs, P. J., Clark, Sears, Crouch and Sawyer, JJ.

Judgment of conviction reversed on the facts and a new trial granted.