THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SOLOMON DAVIS, Alias HARRY DAVIS, Also Known as HYMAN CANTER, Defendant.

Court of General Sessions, County of New York, November 5, 1931.

*Thomas C. T. Crain*, District Attorney [*Joseph MacDonnell, Assistant District Attorney*, of counsel], for the People.

*Irving Abelov* and *William Roth*, for the defendant.

FRESCHI, J. Defendant moves to set aside the sentence imposed on April 22, 1930, by this court (MULQUEEN, J., presiding), committing the defendant, after trial and conviction, to State prison for a period of seven years as a definite sentence, for the crime of criminally carrying a pistol after a conviction, which is a felony, punishable as provided in section 1897 of the Penal Law.*

On the day of sentence a report was submitted to the court showing that the defendant had been previously convicted of disorderly conduct, a minor offense, in the Magistrates' Court; of a violation of section 1752 of the Penal Law, a misdemeanor, in the Court of Special Sessions, and of a violation of the Harrison Act† in unlawfully possessing and selling heroin, a derivative of opium, for which Judge BONDY in the United States District Court, Southern District of New York, sentenced the defendant to the Atlanta Federal Penitentiary.

Inasmuch as section 1897 fixes no punishment for a violation of its provisions, the punishment prescribed in section 1935 is applicable to such cases. This section reads as follows: "A person convicted of a crime declared to be a felony, for which no other punishment is specially prescribed by this chapter, or by any other statutory provision in force at the time of the conviction and sentence, is punishable by imprisonment for not more than seven years, or by a fine of not more than one thousand dollars, or by both."

Where, however, the defendant is a first felony offender, then the court must, under section 2189 of the Penal Law (as amd. by Laws of 1919, chap. 411), impose an indeterminate sentence. This section reads as follows: "A person never before convicted of a crime punishable by imprisonment in a state prison, who is convicted in any court in this state of a felony other than murder first or second degree, and sentenced to a state prison, shall be sentenced thereto under an indeterminate sentence, the minimum of which shall not be less than one year, or in case a minimum is fixed by law, not less than such minimum; otherwise, the minimum of such sentence shall not be more than one-half the longest period and the maximum shall not be more than the longest period fixed by law for which the crime is punishable of which the offender is convicted."

Under section 1941 of the Penal Law (as amd. by Laws of 1926, chap. 457), where a person has been convicted in this State of a felony or an attempt to commit a felony, or, under the laws of any other State, government or country of a crime which, if committed within this State, would be a felony, commits another

---

* Last amendment, Laws of 1931, chap. 435.— [REP.

† U. S. Code, tit. 26, §§ 211, 691, *et seq.*

felony within this State he is punishable upon conviction of said second offense as follows: " If the subsequent felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than the longest term, nor more than twice the longest term, prescribed upon a first conviction."

This presents the question on this motion whether the defendant at the time he was sentenced in this court in the pistol case should have been dealt with either as a first offender and, therefore, given an indeterminate sentence, or whether he should have been treated as a second felony offender and sentenced to a definite term in State prison.

I am unable to determine whether the learned court in imposing sentence did so under section 1935 upon the theory that it was the only possible punishment, or whether the defendant was regarded and punished as a second felony offender. In either case the judgment was, I say with all due respect, erroneous.

In order to determine the status of the defendant at the time he was here sentenced, I must decide whether he was a first or a second felony offender. This requires that it shall be determined whether the crime committed under the Harrison Act in the Federal jurisdiction shall be classed as a felony conviction for the purpose of punishment in this State. The test in grading and fixing the punishment for the crime under the circumstances of this case is to be determined in the light of the provisions of chapter 672* of the Laws of 1927, which deal with the unlawful possession and selling of heroin in New York State, a violation of which at that time — the time of the sentence — was a misdemeanor. The penalty for a violation of the latter statute in New York prescribed a misdemeanor punishment; hence, the defendant should have been dealt with in this court as a first felony offender in the pistol case. Consequently, the judgment of punishment should have been under section 2189 of the Penal Law, an indeterminate sentence, the maximum of which should have been seven years as provided in section 1935 of the Penal Law and the minimum not less than one-half of that period, namely, three and one-half years.

For the reasons assigned, it is ordered that the sentence imposed upon the defendant on April 22, 1930, shall be set aside and the defendant recommitted to State prison for a period of not less than three and one-half years and not more than seven years, the term to begin and to be calculated as of the date of original sentence.

---

*Adding art. 22 (§§ 420–445) to Public Health Law.