THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JENE WOOD, Defendant.

County Court, Saratoga County, November, 1932.

*John B. Smith, District Attorney*, for the plaintiff.

*Alexander F. Walsh*, for the defendant.

McKELVEY, J.   The defendant has been indicted for and entered a plea of guilty to the crime of grand larceny in the second degree, the punishment for which is not to exceed five years.

In answer to the questions propounded by the clerk he stated that he had previously been convicted of the crime of " Impersonating a Public Officer; " but the district attorney, in accordance with the practice prescribed in section 1943 of the Penal Law, has filed an information charging that on three different occasions the defendant has been convicted, in other States, of the crime of " Impersonating a U. S. Officer," and on another, of " Impersonating a U. S. Employee;" also that on April 24, 1929, in the State of Michigan, he was convicted under another name of " Larceny by Conversion," and sentenced to the State Prison at Jackson, Mich., for a term of from two to five years.   The defendant admits that he is the person designated in each conviction.   On each of these convictions he served a term in a State prison.

The question whether these offenses of " impersonating " are or are not of such a nature as would make this, under our statute, a fourth conviction for felony, has caused some concern, for the reason that if they are to be thus treated it is mandatory upon the court to impose a very heavy sentence.

Our statute, section 2 of the Penal Law, does declare to be a felony any criminal act which is punishable by imprisonment in a State prison.   However, it is to be noted that sections 1845 and 1846 of the same law declare the crime of " personating " an officer, or wrongfully assuming to act as such, to be a misdemeanor.   Thus the offenses of which this defendant was convicted in other jurisdictions, and designated as " impersonating " an officer or employee,

would have been, if committed in this State, misdemeanors and not felonies. This being so, I think the decisions in *People* v. *Davis* (141 Misc. 897) and *People* v. *Knox* (223 App. Div. 123) are directly in point and controlling in the instant case. As I read them, they very clearly indicate that all the acts stated in the information now before the court, except the " larceny by conversion," shall be deemed misdemeanors and not felonies, and that this defendant may not be classed as a fourth offender on account thereof.

Nevertheless, I am quite clear that defendant is a second offender, in the sense of having been previously convicted, in Michigan, of the crime of " Larceny by Conversion," for which he was imprisoned in a State prison. In his statement concerning this crime he alleges that the subject of the larceny was an automobile which he was demonstrating, and it has been conceded that the value thereof was upwards of $100. In this State that offense would constitute the crime of grand larceny in the second degree. The Michigan statute is similar to ours in its description of the offense, although there is a slight variance regarding the value of the property stolen or converted.

For these reasons it is my opinion that the sentence to be imposed upon this defendant must be in compliance with section 1941 of the Penal Law, which commands that the punishment shall not be less than the longest term which would be prescribed upon a first conviction for the crime of which he is now indicted. The longest term upon a first conviction for grand larceny in the second degree is five years in State prison. The sentence is, therefore, to be measured by that term, the defendant now being a second offender.

Sentence of five years imposed.