THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM CLIFFORD TERWILLERGER, Relator, *v.* JOSEPH H. BROPHY, as Warden of Auburn State Prison of Auburn, New York, Respondent.

County Court, Cayuga County, March 3, 1933.

*Robert D. Jones,* for the relator.

*John J. Bennett, Jr.,* Attorney-General [*Edward T. Boyle* of counsel], for the respondent.

UNDERWOOD, J. The relator has obtained a writ of habeas corpus, alleging that he has been deprived of his rights in connection with a sentence imposed on him on November 20, 1931, at which time he had pleaded guilty to a felony and was then sentenced for the remainder of his natural life, pursuant to section 1942 of the Penal Law. The relator alleges that no information charging previous convictions of a felony was ever filed and that the sentencing court failed to caution the relator of his rights, as required by statute. The return does not deny the failure to file such information. The relator was entitled to be informed by the sentencing court of the allegations contained in an information laid pursuant to the provisions of section 1943 of the Penal Law. He was entitled to be informed of his right to be tried as to the truth thereof.

" This should have been done because the statute says so. It is not a formality which is to be brushed aside as unnecessary." (*People* v. *Gowasky,* 244 N. Y. 451, 463.)

The practice involved in these cases has been discussed in *Matter of Dodd* v. *Martin* (224 App. Div. 179), the court stating: "A second offender, to be amenable to punishment as such, need not be charged in the indictment and convicted as such. It suffices, when attention is called to the record of the previous convictions, to file an information accusing the prisoner as a second offender, and to cause him to be produced in court for the purpose of pleading to such information, and to require, if such be necessary, a trial to be had of the issue raised by such previous conviction; and, the fact being established, the further sentence under section 1943 must be imposed."

If the defendant in such cases is entitled to be brought before the court and to be informed of the " allegations contained in such information and of his right to be tried as to the truth thereof

according to law," it follows that an information must be laid, in order that the basis for such warning and advice may be established. I find no authority for the contention that the filing of such information may be waived by the defendant or by his counsel. There should be something on the record to show that the defendant was formally charged as a fourth offender, either by an allegation in the indictment or by an information on file, prior to the imposition of a sentence to life imprisonment as a fourth offender. Here we have the mere admission of a defendant in open court that he had been thrice previously convicted of felony. This bare admission is insufficient to warrant the punishment imposed.

For the foregoing reasons the sentence under which this defendant is now held must be declared illegal. However, the conviction still stands, and as both the warden and the district attorney of the county wherein the relator was sentenced are aware of three alleged prior convictions of felony against the relator, the writ must be dismissed and the relator remanded to the custody of the warden for return to the sheriff of the county in which relator was last sentenced, for appropriate action on the part of the prosecutor's office.

An order in accordance with the foregoing will be entered.