In the Matter of the Application of LAWRENCE McNAMARA, Petitioner, for Return to the County Court of Columbia County for Appropriate and Lawful Proceeding.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

County Court, Columbia County, November 15, 1937.

*Lawrence McNamara, in pro per.*

*Edward H. Best, District Attorney*, opposing.

GILLETT, J.   The petitioner, Lawrence McNamara, was indicted by the grand jury of Columbia county for robbery, first degree. Afterwards he was sentenced to ten years in State prison on his plea of guilty to robbery, third degree, by this court, October 18, 1934.

He was a second offender, having been convicted in 1930 of being in possession of a stolen car, and sentenced for that offense to Elmira Reformatory.   This sentence was suspended.

He now moves the court for an order directing the warden of Clinton Prison at Dannemora to turn him over to the sheriff of Columbia county for return to this court to be resentenced upon the ground that no information was filed by the district attorney charging him as a second offender, as provided for in section 1943 of the Penal Law.

None was necessary.

The section provides for such action only where it appears after sentence or conviction that the individual was a second offender. (Penal Law, § 1943, 1st sentence.)

The Baumes Laws (Penal Law, §§ 1941, 1942) were enacted to the end that recidivists should suffer more severe punishment than first offenders.

So long as the court knows that the convicted person is a recidivist before sentence is pronounced it makes but little difference from whence the information was obtained — whether by the procedure provided for in section 1943 of the Penal Law or by the admission of the individual in open court.

Once the court is satisfied by competent evidence or acceptable admission that the person to be sentenced is a second offender, the sentence to be imposed is prescribed by section 1941 of the Penal Law, and is mandatory.

Section 1943 of the Penal Law was enacted to deal with cases wherein the knowledge of a previous conviction or convictions did not come to light until after the prisoner had been convicted or sentenced for the particular crime charged in the indictment on which he had just been tried.

If before conviction it is made to appear that the accused is a recidivist or if between the time of conviction and imposition of sentence that fact is made to appear by admission, as in this case, it would be a waste of time and effort to file the information provided for in section 1943 of the Penal Law, for the court is already aware of all the facts that could be elicited on the inquiry there provided for.

Knowing these facts, the court must impose the sentence prescribed in sections 1941 and 1942 of the Penal Law referred to above.

The record shows that before the applicant was sentenced for the crime for which he is now confined he stated to the court, on oath, that he had previously been convicted of the crime of possessing a stolen automobile.

After that statement the court sentenced him pursuant to the provisions of section 1941 of the Penal Law.

The court feels that the reasoning on which the decision herein was reached should be stated thus fully in view of the contrary conclusion by Judge UNDERWOOD of Cayuga county in the case of *People ex rel. Terwillerger* v. *Brophy* (146 Misc. 797).

The application is denied.