[File No. Cr. 179.]

THOMAS RYAN, Petitioner, v. O. J. NYGAARD, as Warden of the North Dakota State Penitentiary, Respondent.

(297 N. W. 694.)

Opinion filed April 28, 1941.

*Thomas Ryan,* pro se.

*Milton K. Higgins,* Assistant Attorney General, and *B. A. Dickinson,* Assistant State's Attorney, for respondent.

CHRISTIANSON, J. Thomas Ryan has petitioned this court for a writ of habeas corpus. It appears from the petition that he is incarcerated in the state's penitentiary, in Burleigh county, and that the district court of Burleigh county has denied an application for habeas corpus.

The petition recites that the petitioner is illegally restrained of his liberty and confined in the state's penitentiary by virtue of an "illegal" final judgment rendered by the district court of Ward county on October 9th, 1939. In accordance with the usual practice adopted by this court in such cases, the court issued an order to show cause addressed to the warden of the state's penitentiary. (Walker v. Johnston, — U. S. —, 85 L. ed. (Adv. 517), 61 S. Ct. 574.) That officer filed a return. From the petition and return the following facts appear:

On September 2d, 1939, an information was filed in the district court of Ward county charging the petitioner with the crime of "attempted burglary by use of nitroglycerin."

The information charged that on August 31st, 1939, within said Ward county, "the said Thomas Ryan did wilfully, unlawfully and feloniously break into and enter a building, to wit, the Minot Steam Laundry Building in Minot, Ward county, North Dakota, and attempt to commit a crime therein by the use of nitroglycerin."

On October 4th, 1939, another information was filed in the district court of Ward county charging the petitioner with having committed the crime of unlawful possession of nitroglycerin within Ward county on July 31st, 1939.

Counsel was appointed by the court for the defendant in the criminal action charging him with the crime of attempted burglary, and he was represented by counsel in such action. The court informed the petitioner that he was entitled to counsel in the action, charging him with the unlawful possession of nitroglycerin, but the petitioner stated that he did not desire to have counsel appointed in such action and that he desired to enter a plea of guilty.

On October 4th, 1939, the defendant entered a plea of guilty to the

crime of unlawful possession of nitroglycerin, and he also entered a plea of guilty to the crime of burglary in the third degree in the criminal action in which he was charged with attempted burglary.

The court thereupon sentenced the petitioner as follows: In the criminal action in which the defendant had entered a plea of guilty of burglary in the third degree, he was sentenced to imprisonment in the state's penitentiary for a term of five years; and in the criminal action in which he had entered a plea of guilty to the crime of unlawful possession of nitroglycerin, he was sentenced to imprisonment in the state's penitentiary for a term of two years, the judgment of conviction, providing that this sentence should "run consecutively with the sentence of five years this day imposed for the crime of burglary in the third degree."

There is attached to the return of the respondent, copies of the informations, and judgments of conviction; and, also, a transcript of the proceedings had at the time the petitioner was sentenced in both of said criminal actions. From statements made by the petitioner to the court at that time, it appeared that the petitioner had been convicted two times of felonies in the state of Washington. In 1929 he was convicted of burglary and sentenced to a term of imprisonment of from five to fifteen years; and in February, 1935, he was convicted of grand larceny and sentenced to serve a term of from three to ten years.

After the district court of Ward county had pronounced sentences in the two cases, the court directed the state's attorney to file an information against the petitioner under the so-called "habitual criminal" statute. Laws 1927, chap. 126. Thereafter the state's attorney filed such information, and on October 9th, 1939, the petitioner was duly arraigned thereon. He was informed by the court of his right to counsel, but stated that he was ready to enter a plea. He thereupon entered a plea of guilty and the trial court rendered judgment vacating the sentence and judgment that had been pronounced against the petitioner on October 4th, 1939, on the charge of burglary in the third degree (to a term of five years in the penitentiary), and adjudged that the petitioner be sentenced to the state's penitentiary for a term of eight years, such sentence to "run concurrently with the judgment and sentence en-

tered on October 4th, 1939, sentencing the defendant to a term of two years in the penitentiary on a charge of possession of nitroglycerin."

Ward county is in the fifth judicial district. There are two judges in such district. In October, 1939, they were Hon. John C. Lowe and Hon. A. J. Gronna. Judge Lowe presided in the district court of Ward county on October 4th, 1939, and he pronounced the sentences on the petitioner imposed on that day, and he directed the filing of information against the petitioner under chapter 126, Laws 1927. Judge Gronna presided in the district court of Ward county on October 9th, 1939, and all proceedings had on that day, including the filing of the information and the pronouncement of sentence and the rendition of judgment of conviction, were had before him.

Chapter 126, Laws 1927, under which the petitioner was sentenced on October 9th, 1939, provides:

"Section 1. That if a person commits a felony, within this State, after having been convicted of two felonies, either in this State or any other State of the United States, the maximum punishment or penalty of imprisonment for such offense shall be twice the maximum sentence now or hereafter prescribed by law for a first conviction of said offense.

"Section 2. That if a person commits a felony, within this State, after having been convicted three or more times of felonies, either in this State or any other State of the United States, the maximum punishment or penalty of imprisonment for such offense shall be life imprisonment.

"Section 3. If at any time before judgment and sentence, or at any time after judgment and sentence but before such judgment and sentence is fully executed, it shall appear that one convicted of a felony, has been previously convicted of crimes as set forth in sections one, or two of this Act, it shall be the duty of the state's attorney of the county in which such conviction was had to file an information with the court wherein such conviction was had accusing such person of such previous convictions, whereupon the Court shall cause the said person, whether confined in prison or otherwise, to be brought before it, either in term or in vacation, and shall inform him of the accusations contained in said information by reading the same to him, and of his right to be tried as to the truth thereof according to law, and shall require such person to say whether he has been convicted as

charged in said information or not. If he shall say that he has not been convicted as therein charged or refuses to answer, or remains silent, his plea, or the fact of his silence shall be entered of record, and the court shall make an order directing that the truth of the accusations made in said information be submitted to a jury at the then present term of court, if in term time and a jury be in attendance, unless continued for cause, or at the next ensuing term of court when a jury is in attendance. If the jury shall find and determine by evidence beyond a reasonable doubt that the accused has been guilty of one or more convictions as charged in said information, or if the accused acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment or penalty of imprisonment as in sections one or two provided, and shall vacate any previous judgment and sentence if one has heretofore been entered or imposed."

It is the contention of the petitioner:

(1) That inasmuch as it was disclosed in the proceedings had upon the arraignment of the petitioner on October 4th, 1939, and before sentence was pronounced, that he previously had been convicted two times of felonies, it was essential, if any proceedings were to be had under chapter 126, Laws 1927, that the information prescribed thereby be filed before sentence was pronounced, and that in the circumstances there was no authority to proceed against the petitioner under said chapter 126, Laws 1927, after final judgment of conviction had been rendered;

(2) That the third information (upon which petitioner was arraigned on October 9th), was based upon § 2 of said chapter 126, Laws 1927, and charged the petitioner with having committed three or more felonies in the United States, but that said information actually charged only two prior *convictions* of felonies, namely, the two in the state of Washington; that the increased punishment prescribed by chapter 126, Laws 1927, may be imposed only where the accused has been *convicted* of prior felonies before he commits the felony for the commission of which the increased punishment is imposed; that consequently the sentence imposed upon the petitioner for possessing nitroglycerin could not form the basis for imposing the increased punishment which subsequently was imposed upon him for the crime of

burglary in the third degree by the judgment entered October 9th, as petitioner had not been convicted of the crime of possessing nitroglycerin at the time he committed the burglary;

(3) That by the·judgment rendered on October 9th, the judgment rendered on October 4th was wholly vacated and no longer remained in force for any purpose, and that the only part of the judgment rendered October 9th that had any validity was that part which vacated the judgment rendered October 4th; that in so far as the judgment rendered October 9th purported to sentence the petitioner to a term of eight years in the penitentiary it is a nullity, because chapter 126, Laws 1927 was inapplicable for the reason that the court was fully informed of the prior convictions of felony before the sentence was pronounced and judgment of conviction rendered on October 4th; that consequently there is no valid judgment of conviction, under which petitioner may be detained, for the crime· of burglary in the third degree;

(4) That the crime of unlawful possession of nitroglycerin was included in the offense set forth in the information that charged petitioner with attempt to commit burglary with the use of nitroglycerin, and that consequently the imposition of sentence for burglary in the third degree under such information resulted in the petitioner being "twice put in jeopardy for the same offense" in contravention of § 13 of the state Constitution; and in violation of § 10,328, Comp. Laws 1913, which provides:

"An act or omission which is made punishable in different ways by different provisions of this code or other penal statute may be punished under either of such provisions except that in cases specified in §§ 10,-340 to 10,343 inclusive, when the previous conviction is charged in the information or indictment and found from the evidence by the jury, the punishments therein prescribed are substituted for those prescribed for a first offense, but in no case can it be punished under more than one."

(5) That petitioner's plea of guilty on October 9th to the information filed against him under chapter 126, Laws 1927, was entered as a result of coercion; that the state's attorney and his assistant exhibited to the petitioner the information which in terms charged him with having committed three felonies in the United States and informed

him that the penalty under the charge made in such information "would be a mandatory life sentence;"

(6) That the trial court failed to inform the petitioner of his right to be tried according to law as to the truth of the facts set forth in the information charging the petitioner with the prior convictions, and under which he was sentenced on October 9th, 1939;

(7) That the only valid judgment of conviction rendered against the petitioner was the one rendered October 4th, 1939, by which he was sentenced to serve a term of two years in the state's penitentiary for the crime of unlawful possession of nitroglycerin; and that, with the allowance of the good time to which petitioner is entitled by law, he has already been imprisoned for the entire period of such sentence, and that consequently the present, and any future, imprisonment or restraint of the petitioner pursuant to any of the proceedings had, or judgment of conviction rendered against him, in the district court of Ward county on October 4th and October 9th, 1939, is unlawful, and that the writ of habeas corpus ought to issue.

In addition to the contentions thus advanced by the petitioner, the assistant attorney general who appeared for the respondent called attention to certain possible defects in the information under which the petitioner entered a plea of guilty to burglary in the third degree.

Before entering into a discussion of the questions thus raised, it seems desirable to consider the scope of inquiry, and rules which must be applied in determination of an application for a writ of habeas corpus.

It is well settled that the writ of habeas corpus cannot be utilized as a substitute for an appeal or writ of error. Reichert v. Turner, 62 N. D. 152, 157, 242 N. W. 308, 310; Knewel v. Egan, 268 U. S. 442, 69 L. ed. 1036, 45 S. Ct. 522.

"On habeas corpus the inquiry is limited to questions of jurisdiction; and the writ cannot be invoked for the purpose of reviewing the correctness of the acts of a court that was acting within its jurisdiction. State ex rel. Smith v. Lee, 53 N. D. 86, 205 N. W. 314, supra; Cook v. State, 54 N. D. 178, 208 N. W. 977; Re Cook, 54 N. D. 193, 209 N. W. 231; Comp. Laws 1913, §§ 11,360, 11,373; Church, Habeas Corpus, 2d ed. §§ 363 et seq.

" 'To have jurisdiction is to have power to inquire into the facts and apply the law.' . . .

" 'A court has jurisdiction of the cause when the law of the sovereignty in which the tribunal exists grants it power over the subject matter and to adjudge concerning the general question involved. Bouvier's Law Dict.; Hunt v. Hunt, 72 N. Y. 217, 28 Am. Rep. 129. . . . When a court has jurisdiction of a cause and of the parties, it does not lose jurisdiction because it makes a mistake in determining either the facts or the law or both. Jurisdiction does not depend upon the correctness of the decision made. People ex rel. Raymond v. Talmadge, 194 Ill. 67, 61 N. E. 1050; Sherer v. Superior Ct. 96 Cal. 653, 31 P. 565. The United States Supreme Court has said that the jurisdiction of the court can never depend upon its decision upon the merits of the case brought before it, but upon its right to hear and decide it at all (Ex parte Watkins, 7 Pet. (U. S.) 568, 572, 8 L. ed. 786, 788); that 'jurisdiction is authority to decide the case either way.' The Fair v. Kohler Die & Specialty Co. 228 U. S. 22, 25, 57 L. ed. 716, 717, 33 S. Ct. 410. Other courts have said: 'Jurisdiction is the power to hear and determine a cause, and carries with it the power to decide a cause within the jurisdiction of the court incorrectly as well as correctly, and it does not relate to the rights of the parties, but to the power of the court.' Dahlgren v. Superior Ct. 8 Cal. App. 622, 97 P. 681. 'The test of the jurisdiction of a court is whether or not it had power to enter upon the inquiry; not whether its conclusion in the course of it was right or wrong.' Lake County v. Platt (C. C. A. 8th) 79 F. 567. 'Jurisdiction of the subject matter is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power. It is not confined to cases in which the particular facts constitute a good cause of action, but it includes every issue within the scope of the abstract question. Nor is this jurisdiction limited to making the correct decisions. It empowers the court to determine every issue within the scope of its authority, according to its own view of the law and the evidence, whether its decision is right or wrong.' . . .' "

. . . . . . . . . . . . . .

"In Ex parte Yarbrough, 110 U. S. 651, 28 L. ed. 274, 4 S. Ct. 152, the court said:

" 'It is . . . well·settled that when a prisoner is held under the sentence of any court of the United States in regard to a matter wholly beyond or without the jurisdiction of that court, it is not only within the authority of the Supreme Court but it is its duty to inquire into the cause of commitment when the matter is properly brought to its attention, and if found to be as charged, a matter of which such court had no jurisdiction, to discharge the prisoner from confinement. . . .

" 'It is, however, to be carefully observed that this latter principle does not authorize the court to convert the writ of habeas corpus into a writ of error, by which the errors of law committed by the court that passed the sentence can be reviewed here; for if that court had jurisdiction of the party and of the offense for which he was tried and has not exceeded its powers in the sentence which it pronounced, this court can inquire no further.

" 'This principle disposes of the argument made before us on the insufficiency of the indictments under which the prisoners in this case were tried. ·

" 'Whether the indictment sets forth, in comprehensive terms, the offense which the statute describes and forbids and for which it prescribes a punishment, is in every case a question of law which must necessarily be decided by the court in which the case originates and is, therefore, clearly, within its jurisdiction.

" 'Its decision on the conformity of the indictment to the provisions of the statute may be erroneous, but if so it is an error of law made by a court acting within its jurisdiction, which could be corrected on a writ of error if such writ was allowed, but which cannot be looked into on a writ of habeas corpus limited to an inquiry into the existence of jurisdiction on the part of that court.'

"In Re Eckart, 166 U. S. 481, 41 L. ed. 1085, 17 S. Ct. 638, it was said:

" 'In this class of cases it has been held that a trial court possessing general jurisdiction of the class of offenses within which is embraced the crime sought to be set forth in the indictment is possessed of authority to determine the sufficiency of an indictment, and that in ad-

judging it to be valid and sufficient acts within its jurisdiction, and a conviction and judgment thereunder cannot be questioned on habeas corpus, because of a lack of certainty or other defect in the statement in the indictment of the facts averred to constitute a crime.'

"The principle was re-affirmed in Re Gregory, 219 U. S. 210, 55 L. ed. 184, 31 S. Ct. 143, in an opinion written by the present Chief Justice Hughes. The court said:

" 'A habeas corpus proceeding cannot be made to perform the function of a writ of error, and we are not concerned with the question whether the information was sufficient, or whether the acts set forth in the agreed statement constituted a crime, that is to say, whether the court properly applied the law, if it be found that the court had jurisdiction to try the issues and to render the judgment.' . . .

" 'In hearing this application, this court does not sit to review the correctness of the conclusion of the police court as to the violation of the statute by the petitioner, or of the decision of the court of appeals of the District as to the sufficiency of the information filed against him. The question here is not one of guilt or innocence, but simply whether the court below had jurisdiction to try the issues.' " Reichert v. Turner, 62 N. D. 152, 242 N. W. 308, supra.

Bearing these well-known principles in mind, we approach the questions presented in this proceeding.

The first three and the last of the contentions of the petitioner involve the validity of the proceedings had, and the judgment of conviction rendered October 9th, 1939, under chapter 126, Laws 1927, and will be considered together.

Chapter 126, Laws 1927, provides for increased or added punishment for a person who is convicted of a felony in this state where, before the commission of such felony, such person has been convicted two or more times of felonies either in this state or in any other state in the United States. Where it appears at any time either before judgment and sentence or "after judgment and sentence, but before such judgment and sentence is fully executed" that one convicted of a felony in this state "has been previously convicted of crimes" as set forth in §§ 1 and 2 of the Act, it becomes the duty of the state's attorney in the county in which the conviction was had to file an in-

formation with the court wherein such conviction was had accusing the person so convicted of such previous convictions. Id. § 3. The cumulative proceedings prescribed by § 3 of said chapter 126 may be had only after a conviction for a felony. They may be had either before judgment or sentence, or after judgment and sentence but before "such judgment and sentence is fully executed." The increased or added punishment prescribed by said chapter 126 may be imposed only pursuant to proceedings had upon an information setting forth the fact of the prior convictions. It is not contemplated that the fact of the former convictions shall be set forth in the information charging the commission of the crime for which the added or increased punishment prescribed by the statute is sought to be invoked. The proceedings under said chapter 126 are cumulative and are predicated upon a conviction for a crime that was committed in this state after the perpetrator had been convicted of such prior felonies. The proceedings under the Act may not be instituted until the person against whom the statute is sought to be invoked has been convicted of a felony in this state. If he has been so convicted, the proceedings may be had either before judgment and sentence, or at any time after judgment and sentence and before the judgment and sentence has been fully executed. The procedure prescribed by the statute is precisely the same where a person previously has been convicted of two felonies and it is sought to subject him to the increased punishment prescribed by § 1 of the Act as where a person has been convicted three or more times of felonies and is subject to the maximum punishment prescribed in § 2 of the Act.

The statute doubtless contemplates that where it shall appear before judgment and sentence that one convicted of a felony previously has been convicted of crimes so as to render him subject to the added punishment, the state's attorney shall file the prescribed information so that all questions relating to such prior convictions may be determined before the defendant is sentenced. It would, of course, be essential that the state's attorney have such complete and reliable information as would enable him to prepare, verify and present to the court an information charging the former convictions. The mere fact that the state's attorney might have a suspicion, or even some information, that the person convicted of a felony had been convicted previously of other

felonies would not of necessity require that the imposing of sentence be deferred until the state's attorney has made a sufficient investigation to enable him to file an information, under said chapter 126, which, in his judgment, truthfully presented the facts. Thus, if the state's attorney had reliable information that a person convicted of a felony prior to the conviction had been convicted of two felonies, and it appeared to the state's attorney that there was some reasonable probability that he had been convicted of even three or more felonies, the state's attorney would not be required to file an information charging the accused with the commission of the two felonies of which he had positive knowledge. In such case he might, with entire propriety, permit sentence to be pronounced, and after obtaining the requisite information as to the number of prior convictions, he might file an information setting forth the facts after judgment and sentence had been imposed. The failure to file an information under the provisions of chapter 126, Laws 1927, before judgment of conviction is rendered will in no case deprive the court of jurisdiction of an action instituted by an information presented after judgment and sentence has been pronounced. By the express provision of the statute, the district court is authorized to allow an information to be filed after judgment and sentence has been pronounced and to conduct a hearing to ascertain the truth of the accusations made as to the prior convictions, and if it is ascertained and determined that the defendant previously has been convicted of felonies so as to render him subject to the added punishment prescribed, then the court is authorized to vacate any previous judgment and sentence that may have been entered and render a new judgment and sentence under the provisions of said chapter 126 and in such judgment and sentence impose such added punishment as the facts may warrant under the law.

The question is whether the district court of Ward county in the proceedings had under said chapter 126 acted within or without its jurisdiction. If it acted within its jurisdiction then the judgment of conviction rendered on October 9th is not subject to attack in this proceeding. Clearly that court acted within its jurisdiction. It had jurisdiction of the person of the defendant and of the subject matter. It had general jurisdiction of the offense with which the petitioner was

charged and it had jurisdiction of an action instituted under said chapter 126, and authority to determine questions of law and fact that might arise in such action. 62 N. D. 158, 242 N. W. 308.

It was the function of the district court of Ward county to determine whether the information presented on October 9th should be filed and whether the information set forth sufficient facts to constitute grounds for action under said chapter. Even if the court committed error in its determination of the questions presented for determination in such case "such error did not render the determination an act outside of its jurisdiction. On the contrary, it was merely an error or mistake in the exercise of, and within, its jurisdiction and cannot be re-examined on habeas corpus." Reichert v. Turner, 62 N. D. supra, at pp. 158, 159, 242 N. W. 308.

It is obvious, therefore, that the first three and the last of the contentions advanced by the petitioner do not constitute valid reasons for the issuance of a writ of habeas corpus. This is also true of the fourth contention. The district court of Ward county had jurisdiction to determine whether the petitioner theretofore had been convicted of the crime with which he was charged. The question whether a person who is being tried for a crime, previously has been convicted or acquitted of the offense, and, hence, has been in jeopardy is a question for the court to determine. That question is as much one within the jurisdiction of the court as any other question that may arise in the action. Whether the petitioner had been in jeopardy or whether § 10,328 Comp. Laws 1913 operated to render the conviction of the crime for unlawful possession of nitroglycerin a bar to a prosecution for the crime of burglary with the use of nitroglycerin or burglary in the third degree were questions within the jurisdiction of the trial court, and the determination of those questions may not be reviewed in a proceeding for habeas corpus. State v. Floyd, 22 N. D. 183, 132 N. W. 662; 29 C. J. 45; 25 Am. Jur. p. 182; 1 Bailey, Habeas Corpus, p. 118; 9 Enc. U. S. Sup. Ct. Rep. p. 644. Furthermore, it is apparent that there was no former jeopardy. The unlawful act for which the petitioner was sentenced under the information charging him with unlawful possession of nitroglycerin was a wholly different crime from that of burglary in the third degree for which he was sentenced pursuant to

his plea of guilty to that offense under the information charging him with burglary by the use of nitroglycerin. A person possessing nitroglycerin in violation of the statute commits an offense the instant he obtains such possession. The fact that he afterwards may utilize, or attempt to utilize, such nitroglycerin in a burglary does not render the unlawful possession a part of the crime of burglary—neither does it integrate the crime of burglary with the offense of unlawful possession of nitroglycerin. Thus, a man who carries a concealed weapon in violation of the law does not cease to be guilty of that offense because he subsequently employs such concealed weapon to commit an assault with a deadly weapon. The commission of the latter offense does not destroy the former any more than the commission of the former offense precludes the commission of the latter.

The fifth and sixth contentions of the petitioner are coupled with, and to a large degree predicated upon, the objections to the information filed against the petitioner under said chapter 126, and the proceedings had thereon. Attention is called to the fact that such information charged the petitioner with having committed three or more felonies in the United States; that the information set forth convictions of two felonies in the state of Washington, namely for burglary on March 7th, 1929 and for grand larceny on February 26th, 1935, and the two felonies of which the defendant was convicted in the district court of Ward county on October 4th, 1939. It is contended that neither of the convictions in the district court of Ward county would constitute a basis for imposing the added penalty in the sentence for burglary in the third degree and that the presentation of such information charging the petitioner with the commission and conviction of such felonies, accompanied by the statement of the state's attorney that the penalty for the commission of four felonies would be life imprisonment, constituted coercion. There is no claim there was any other act of coercion, and there is no proof (aside from the allegation in the petition) of any statement by the state's attorney. As we view it, the record affirmatively discloses there was no coercion, and there was no action which operated to deprive the petitioner of any legal right, either statutory or constitutional. It is true the two convictions in the district court of Ward county on October 4th did not constitute

prior convictions within either §§ 1 or 2 of said chapter 126, Laws 1927 so as to authorize added punishment, but the two convictions of felonies in the state of Washington did constitute grounds for such added penalty. These convictions were had before the petitioner committed the crime for which he was sentenced on October 4th and re-sentenced under said chapter 126 on October 9th. These convictions were set forth in the information and it is admitted that petitioner had been convicted of such two felonies in Washington. The petitioner therefore was subject to an added punishment for the crime of burglary in the third degree for a maximum term of ten years under § 1 of chapter 126. Comp. Laws 1913, §§ 9873, 9876; Laws 1927, chap. 126. The trial court imposed a sentence of eight years.

The petitioner also contends that the trial court failed to inform him "of his right to be tried as to the truth" of the facts set forth in the information charging him with the prior convictions. While the record does not show affirmatively that the trial court in so many words informed the petitioner of his right to be tried "according to law" as to the truth of the facts set forth in the information as to such prior convictions, it does show affirmatively that the trial court informed the petitioner of his right to counsel and that the petitioner informed the court that he did not desire counsel but desired to plead guilty to the accusation as to such former convictions. The record leaves no doubt that the petitioner had been convicted two times of felonies involving moral turpitude in the state of Washington before he committed the offense in this state for which the added punishment was imposed by the judgment of conviction rendered on October 9th, 1939. There was no denial of a right to have a trial according to law of the truth of the facts set forth in the information at all, nor was there any denial of the right of counsel. There was no action which operated to deprive the petitioner of a right to a fair trial according to the law of the land.

What has been said disposes of the question raised as to the sufficiency of the criminal information under which the petitioner entered a plea of guilty of burglary in the third degree. That information charged the petitioner with the crime of breaking into and entering a building and attempting to commit a crime therein by the use of nitroglycerin. Comp. Laws 1913, § 9879. Such offense is punishable by

imprisonment in the state's penitentiary for not less than twenty years nor more than forty years. Ibid. When arraigned on this information the petitioner entered a plea of guilty to the crime of burglary in the third degree (Comp. Laws 1913, § 9873), which offense is punishable by imprisonment in the state's penitentiary for not less than one and not exceeding five years. Comp. Laws 1913, § 9876.

The trial court had general jurisdiction of the class of offenses within which is embraced the offense sought to be set forth in the information, and the offense for which the petitioner was sentenced upon his plea of guilty under the information. The court had jurisdiction over the person of the defendant, over the subject matter, and over the territory within which the offenses were charged to have been committed. Whether an information "sets forth in sufficiently comprehensive terms the offense which the statute describes and forbids, and for which it prescribes a punishment, is in every case a question of law which must necessarily be decided by the court in which the case originates and is therefore clearly within its jurisdiction." Ex parte Yarbrough, 110 U. S. 651, 28 L. ed. 274, 4 S. Ct. 152. "It is fundamental," said Supreme Court of the United States (Knewel v. Egan, 268 U. S. 442, 446, 69 L. ed. 1036, 1040, 45 S. Ct. 522), "that a court upon which is conferred jurisdiction to try an offense has jurisdiction to determine whether or not that offense is charged or proved. Otherwise every judgment of conviction would be subject to collateral attack and review on habeas corpus, on the ground that no offense was charged or proved. It has been uniformly held by this Court that the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings."

It follows from what has been said that the petitioner is legally detained in custody by virtue of a final judgment of a "competent court of criminal jurisdiction," and, hence, "is not entitled to relief from imprisonment or restraint under a writ of habeas corpus." Comp. Laws 1913, § 11,360.

The application for a writ of habeas corpus must be, and it is, denied.

MORRIS, BURKE, and NUESSLE, JJ., concur.

BURR, Ch. J. I concur in the view that the court had jurisdiction to pass sentence so that the application for the writ should be denied,

but I believe the trial court, having been in full possession of all the facts when he passed sentence, should have assessed the penalty then, and having so determined should not thereafter on the same situation bring the defendant before him again and increase the penalty, the provision for the additional information not contemplating a condition where all facts were known when judgment was passed.