STATE, Respondent, v. SEWELL, Appellant

(12 N. W.2d 198.)

(File No. 8632. Opinion filed December 16, 1943.)

**Louis H. Smith,** of Sioux Falls, for Appellant.

**George T. Mickelson,** Atty. Gen., and **Charles P. War-ren,** Asst. Atty. Gen., **Elmer G. Engebretson,** State's Atty., of Webster, Day County, and **Frank S. Tait,** of Milbank, for Respondent.

SMITH, J. The defendant Paul J. Sewell has appealed from a judgment imposing the death sentence founded upon his plea of guilty of the crime of murder, and from an order denying his motion, made after judgment, that the judgment be vacated and he be permitted to change his plea.

Of the several propositions assigned and argued, but one requires consideration, viz., that the court erred in receiving the plea of defendant without having advised him of his rights in the premises.

One Jens Jensen, late of Day County, was shot and instantly killed on November 3, 1941. The circumstances indicated that he was murdered and that the defendant may have committed the crime. Defendant was taken into custody on that day, and on November 6, without having had the advise of counsel, he signed a written confession. On November 8, 1941, he waived preliminary examination and was bound over to the circuit court. Later in that day an information was lodged in circuit court charging defendant with the crime of murder and he was taken before the court for arraignment. We quote from the minutes of the court as recorded by the official reporter.

"Mr. Engebretson: If the Court please, I have an arraignment which I desire to make.

"The Court: Very well. The defendant will stand up and you may read the information."

(Thereupon the information was read by the state's attorney.)

"By the Court:

"Q. Is Paul Sewell your true name? A. It is.

"Q. Have you got a lawyer? A. No, I haven't.

"Q. If you wish you are entitled to have a lawyer to represent you in all the proceedings. A. I wish to waive that right.

"Q. You do not care to have a lawyer at all? A. No.

"Q. Mr. Sewell, you have heard the information read against you? A. Yes.

"Q. Are you ready at this time to enter your plea? A. I am.

"The Court: The State's Attorney of this county has made and filed an information against you charging that on the third day of November, 1941 in the county of Day and state of South Dakota, you committed the crime of murder committed as follows: That at said time and place the said defendant, Paul Sewell, then and there being, did wilfully, unlawfully, feloniously, with a premeditated design to effect the death of one Jens Jensen, and with malice aforethought, did shoot and kill the said Jens Jensen who was then and there a human being, with a dangerous and deadly weapon, to-wit: a revolver loaded with powder and leaden bullets, which said revolver was shot off and discharged by the said Paul Sewell at, against and into the head of the said Jens Jensen, and that the leaden bullets therefrom did strike, penetrate and pass through the head of the said Jens Jensen, inflicting mortal wounds on and in the head of the said Jens Jensen, of which mortal wounds the said Jens Jensen died on the 3rd day of November, 1941, in the said county and state aforesaid, all this contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of South

Dakota. To the charge contained in that information what is your plea, guilty or not guilty. A. Guilty, your Honor.

"The Court: A plea of guilty will be entered."

Thereupon the court questioned the defendant, the sheriff and the coroner. In answer to the court's questions the defendant repeated the contents of his written confession. After a ten minute recess the court indicated that he was about to impose a death sentence. Before sentence was passed, however, the defendant interrupted, repudiated his confession, denied that he had killed Jens Jensen, stated that his confession was made up to protect the widow and daughter of the deceased, and said, "I don't see that I can go through with it and let them break my neck for something I didn't do. I expected when I entered that plea to get a life sentence. I expected to sacrifice my life to keep certain things from getting out. I was willing to do that? That is all." Nevertheless, after some further questions, the court sentenced defendant.

The arraignment of a defendant who, having been charged with a public offense and held to answer by a committing magistrate, desires to enter his plea of guilty of such offense, is authorized by SDC 34.2301. Upon such an arraignment, it is the duty of the presiding judge, before permitting an entry of the plea of guilty, "* * * to fully advise such person of his rights in the premises, and if it appears to the satisfaction of such judge that the accused has been regularly held to answer upon the offense charged and is acting of his own free will and accord in the matter, such judge shall thereupon receive such plea * * *" and immediately sentence the accused. SDC 34.2302.

 Although the law favors the trial of the merits of a charge of commission of a public offense, in the absence of a prohibiting statute, it permits the entry of a judgment of conviction on a plea of guilty. 14 Am. Jur. 950, § 269. In a capital case such a judgment may carry the extreme penalty. Ch. 30, Laws of 1939. Territory v. Miller, 4 Dak. 173, 29 N. W. 7, and see annotation, 6 A. L. R. 694. When such a plea is tendered, it is received with the utmost

caution, not alone to protect the innocent, but to assure the most guilty of the rights provided by statute and guaranteed by the constitution. The caution to be exercised on such occasions bears a direct proportion to the gravity of the charge. When one accused of a capital offense comes before the bar of a court, unaided by counsel, to tender a plea of guilty, nothing less than the utmost of caution will satisfy the requirements of justice. In such circumstances the law does not contemplate a ceremony empty of substance. Until the court is solemnly persuaded by a painstaking explanation of the rights afforded the accused by the law, and of the extreme consequences his plea may entail, that the accused is acting with volition and understanding, a plea of guilty should not be entered. People v. Kurant, 331 Ill. 470, 163 N. E. 411; Mullen et al. v. State, 28 Okl. Cr. 218, 230 P. 285; Batchelor v. State, 189 Ind. 69, 125 N. E. 773. And see annotation, 110 A. L. R. 228.

■ In the instant case it will be observed that the court failed utterly to advise the defendant of the consequences which might flow from his proposed plea and contented itself with but scant reference to a single right of the defendant, viz., the right to representation by counsel. That it was error to enter a plea of guilty in these circumstances is made abundantly clear by the express terms of the statute, SDC 34.2302, supra, and by the authorities we have cited supra. To afford one whose life the state seeks to forfeit such illusory protection not only offends against the law but affronts the sensibilities of all just and unprejudiced minds.

■ At bar, it was emphasized that the accused twice confessed guilt in great detail, that he is unquestionably a man of native intelligence, and that a long criminal record must have acquainted him with court procedure and his rights in the premises. Such factors do not relieve a presiding judge from his duty to jealously protect the accused. On such an occasion doubtful inferences will not serve as a substitute for certain ascertainment of the fact. For example, to infer from such premises that defendant under-

stood that the jury he was waiving by his plea was clothed by our law with power to determine whether a sentence of death should be imposed, Ch. 30, Laws of 1939, is in our opinion not permissible. Nor do we think that the emphasized factors furnish a sound premise for a conclusion that the substantial rights of defendant were not prejudiced by the erroneous procedure adopted below. We entertain the view that prejudice should be conclusively presumed

It follows that the judgment of the trial court must be and it is vacated. Our order will be that the warden of the penitentiary deliver the accused to the sheriff of Day County for further proceedings in accordance with law.

All the Judges concur.