STATE, Respondent v. HILLERUD, Appellant

(81 N.W.2d 130)

(File No. 9598. Opinion filed February 16, 1957)

**C. L. Anderson,** Sioux Falls, for Defendant and Appellant.

**Phil Saunders,** Atty Gen., **George W. Wuest,** Asst. Atty. Gen., for Plaintiff and Respondent.

RENTTO, J.   Appellant is under a life sentence for the crime of escape.   After entry of his plea of guilty of the crime charged, the punishment therefor was enhanced pursuant to SDC 13.0611—our habitual criminal statute.   His assignments of error present two questions. He claims that the court erred to his prejudice in these respects:

(1) That he was not advised as to his right to the assistance of counsel when arraigned on the information charging him with escape;

(2) That he was not advised of his right to a jury trial when arraigned on the information accusing him of three previous felonious convictions.

These propositions were also the basis of his motion for a new trial. He appeals from the judgment entered and the order denying him a new trial.

Defendant was in the county jail at Brookings, South Dakota, serving a thirty-day sentence for a motor vehicle violation. While so incarcerated he told the custodian that he had the court's permission to leave the jail to visit his parents and go to the hospital. He indicated that he would return in time for the noon meal. The custodian permitted him to leave but he did not return. Two days later, on October 8, 1955, the sheriff apprehended him in the business district of Brookings and returned him to the jail.

On October 12th a complaint was filed in justice court charging him with the crime of escape. On the same day defendant appeared there without counsel. After an explanation of his rights he waived preliminary examination and was bound over to the circuit court. Having expressed a desire to plead guilty an information was filed in circuit court, on the same day, charging the crime of escape. On the afternoon of that day, without counsel, he was taken before a judge of that court for arraignment.

At the outset of the arraignment the court explained the nature of the charge and made known to the defendant all of his rights in the premises as required by SDC 34.2302, including a statement that he would be imprisoned in the penitentiary if convicted of the charge. Defendant stated that he would like to talk to an attorney, whom he named. A recess was then taken during which this attorney advised the defendant and the court that he did not care to represent him. Thereupon, proceedings were reconvened and the court told the defendant that if he wanted to get another attorney he would be given an opporunity to do so. He then expressed a desire to proceed without counsel. After such expression the court informed him of his right to have an attorney appointed for him by the court. He said he knew that, but expressed a willingness to proceed without counsel and told the court that the only reason he wanted the attorney was for his ailing father.

The information was then read to the defendant and he was furnished a copy. The court again told him of his right to counsel and informed him that he was not required to enter a plea at that time unless he wanted to.

He indicated that he wanted to enter his plea and upon being asked as to his plea, said he was guilty.

At this juncture it should be observed that the defendant is a thirty-eight-year-old laborer. He is unmarried and makes him home with his parents. His answers to the court's question indicate that he is not lacking in intelligence. Nor was he unaccustomed to or unfamiliar with criminal proceedings in our circuit courts. In the eight years prior to this occasion he was convicted of three felonies in the courts of this state. Some of these were before the judge who heard this case and on each occasion he served time in the penitentiary. In at least one previous criminal proceeding he had been represented by an attorney.

▉▉▉ The right of one accused of crime to have the aid of counsel is preserved by Art. VI, § 7, of the Constitution of this state. It is also secured to an accused by the Fourteenth Amendment to the Constitution of the United States. While it is a constitutional right it nevertheless is a right which may be waived. State ex rel. Henning v. Jameson, 71 S.D. 144, 22 N.W.2d 731; State ex rel. Baker v. Jameson, 72 S.D. 638, 38 N.W.2d 441; see authorities cited in these cases. However, in order that such waiver is binding on the defendant it must be made voluntarily and intelligently by a competent mind. State v. Haas, 69 S.D. 204, 8 N.W.2d 569. We are satisfied that the circumstances under which defendant waived his right to the assistance of counsel meet all of the requirements of this salutary rule. That at one stage he indicated he might want counsel does not make a subsequent waiver ineffectual.

On the same day and shortly after defendant's plea of guilty was entered and accepted, the state's attorney filed an additional information accusing him of having been previously convicted of three felonies. This was given to the court and a copy handed to the defendant. Just prior to filing this information the state's attorney told the court that he had information which he considered "to be almost unimpeachable" that the defendant, while at liberty under his escape, had committed statutory rape.

The additional information after stating the escape conviction alleged three prior felony convictions, each in a

separate paragraph. The first involved a forged check in the sum of $35. The second and third, no-account checks in the sum of $10. It was filed pursuant to subsection (3) of SDC 13.0611. The establishment of the allegations thereof as provided in said subsection (3) would authorize the court to sentence the defendant to imprisonment for the term of his natural life on the escape charge. SDC 13.0611(2). If the provisions of our habitual criminal act were not availed of, his maximum punishment would be one year as provided in SDC 13.1227, as amended by Ch. 25 of the Laws of 1955. The employment of a criminal procedure with this potential must be in strict compliance with the authorizing statute, and when questioned must be carefully scrutinized.

When this information was filed the court read to the defendant the three paragraphs of it which charged the prior convictions, and after the reading of each, asked the defendant if he is the same person as charged in the paragraph. This was done without telling the defendant that if he were the same individual he could be sentenced to life imprisonment on his escape conviction. In each case the defendant admitted that he is the same person. After inquiring if the defendant had any legal reason why sentence should not be pronounced, to which the defendant answered in the negative, the judgment appealed from was entered.

The statute authorizing this proceeding, SDC 13.0611, in subsection (3) provides, among other things, that the person charged with the prior convictions shall be informed "of the allegations contained in such information and of his right to be tried as to the truth thereof according to law, * * *". That the defendant was not advised of his right to be tried as to the truth thereof is not denied by the state. "This should have been done, because the statute says so. It is not formality which is to be brushed aside as unnecessary." People v. Gowasky, 244 N.Y. 451, 155 N.E. 737, 741, 58 A.L.R. 9. See also People v. Knox, 223 App.Div. 123, 227 N.Y.S. 417; People ex rel. Terwillerger v. Brophy, 146 Misc. 797, 264 N.Y.S. 82, and People v. O'Donnell, 177 Misc. 562, 30 N.Y.S.2d 337. The proceedings stemming from the filing of the additional information correspond to the ar-

raignment that follows the filing of an ordinary criminal information. State v. Youchunas, 187 La. 281, 174 So. 356.

■ It is there held, under a statute similar to ours in this respect, that the duty of the judge to inform the accused of the allegations of such information and of his right to be tried as to the truth thereof is mandatory. The importance of this requirement in our statute is emphasized by the further provision—"If the jury finds that he is the same person or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he is the same person, the court shall sentence him to the punishment prescribed herein, * * *". In view of this clear legislative declaration we must conclude that the court is not privileged to inquire of the defendant if he is the same person, until after the defendant has been cautioned as to his rights, or has effectively waived them. It is not claimed nor intimated that the defendant herein waived his rights in this regard.

The state argues that the court was not required to further advise the defendant because on a previous appearance he had been informed as to what would happen if he were again convicted of a felony. However, it does not follow that a defendant aware of the consequences of his recidivism, is thereby informed as to his rights when proceedings are instituted to have him answer therefor. Trials to determine the guilt of an accused are an ancient institution and the basic features are generally well known, but proceedings under habitual criminal statutes are a novelty to the public generally. Knowledge of the possible serious consequences, while important, is of little aid to an uncounseled accused, unadvised as to rights provided by law for his protection in case the state elects to visit those consequences upon him. He may not even know that such is the purpose of the proceeding. In State v. Sewell, 69 S.D. 494, 12 N.W.2d 198, 199, this court well said:

> "The caution to be exercised on such occasions bears a direct proportion to the gravity of the charge. When one accused of a capital offense comes before the bar of a court, unaided by counsel, to tender a plea of guilty, nothing less than the utmost of caution will satisfy the requirements of

justice. In such circumstances the law does not contemplate a ceremony empty of substance. Until the court is solemnly persuaded by a painstaking explanation of the rights afforded the accused by the law, and of the extreme consequences his plea may entail, that the accused is acting with volition and understanding, a plea of guilty should not be entered."

While this is not a capital case the permissible enhanced punishment is the same as that provided for our gravest noncapital offenses—imprisonment for life.

■ As above stated we are of the view that the trial court erred in not advising the defendant of his rights when arraigned on the additional information. The North Dakota case of Ryan v. Nygaard, 70 N.D. 687, 297 N.W. 694, which seems to hold to the contrary, is concerned with a slightly different factual situation. That court was viewing the problem in a habeas corpus proceeding, while the question is before us on an appeal. It was defendant's right to have the truth of such additional information determined by a jury. This is a substantial right even as to one who has admitted his identity. That the defendant may be the person charged in these previous convictions, or that he is guilty of rape as suspected, does not diminish his constitutional or statutory rights. We hold that in the circumstances of this case prejudice must be conclusively presumed. Accordingly, the defendant is entitled to a new trial on the previous convictions alleged in the additional information.

Judgment and order reversed.

ROBERTS, RUDOLPH and HANSON, JJ., concur.

SMITH, P. J., dissents.

SMITH, P. J., (dissenting). It is my view that the judgment should be reversed. The state knew of the prior convictions and had prepared a supplemental information charging defendant with those convictions. Intending to prosecute defendant for an escape as an habitual criminal, the state's attorney brought the defendant before the court. The true nature of the proceeding in which he was involved and that it threatened him with life imprisonment was concealed from defendant by the state until he had waived

counsel and a jury trial, and his plea of guilty had been entered. Further, when defendant waived a jury trial it is very improbable that he sensed how reluctant a jury would be to cause a defendant to be imprisoned in the penitentiary because, while serving a thirty-day jail sentence, he hung around Brookings for two or three days instead of returning to the jail as he had promised. In these extreme circumstances such an understanding as defendant would have gained from the advice of informed counsel was essential to an intelligent waiver of his constitutional rights. In my opinion, to stand by and permit an uncounseled defendant to enter a plea of guilty in such circumstances is so contrary to our concepts of justice as to amount to a denial of due process. Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595; Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435; State ex rel. Baker v. Jameson, 72 S.D. 638, 38 NW.2d 441; and State v. Sewell, 69 S.D. 494, 12 N.W.2d 198; and see State v. Delmonto, 110 Conn. 298, 147 A. 825; and Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4.