## PEOPLE v. ROSEN.

(Supreme Court, Appellate Division, First Department.  May 31, 1912.)

1. CRIMINAL LAW (§ 1144*)—APPEAL—PRESUMPTIONS.

On appeal from a conviction of burglary under plea of guilty, where there is no record of the conviction or the plea, the appellate court will presume that indorsements on the indictment showing defendant to have been formerly convicted were true.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2736–2781, 2901, 3016–3037;  Dec. Dig. § 1144.*]

2. INDICTMENT AND INFORMATION (§ 114*)—SENTENCE—HABITUAL CRIMINAL.

Penal Law (Consol. Laws 1909, c. 40) art. 90, § 1020, provides that where a person is convicted of a felony who has previously been convicted in this state of any other crime, or where a person is hereafter convicted of a misdemeanor who has been already five times convicted, he may be adjudged an habitual criminal;  and section 1021 provides for the supervision of the person of an habitual criminal, the same provisions being contained in Code Cr. Proc. §§ 510–514a. Penal Law (Consol. Laws 1909, c. 40) § 1941, provides that a person who, after having been convicted within this state, of a felony or attempt to commit a felony or, under the laws in any other state, of a crime which, if committed in this state, would be a felony, commits a crime, is punishable upon conviction of such second offense by certain added penalties, and Penal Law (Consol. Laws 1909, c. 40) § 2189, provides for an indeterminate sentence of persons never before convicted of crime.  *Held*, that to support a conviction as an habitual criminal, the indictment need not allege the prior conviction, all that is required being that the prior conviction be established by competent evidence, the provisions being wholly different from the provision relating to conviction as a second offender, so that one convicted of burglary might be adjudged an habitual offender and given a sentence other than the indeterminate one, though the indictment did. not charge a former conviction.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 301–307;  Dec. Dig. § 114.*]

McLaughlin, J., dissenting.

Appeal from Trial Term, New York County.

Samuel Rosen was convicted of burglary and sentenced to 30 years in prison, and he appeals.  Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

John P. Judge, of Troy, for appellant.

Robert S. Johnstone, Asst. Dist. Atty., for respondent.

INGRAHAM, P. J.  [1, 2]  The defendant served a notice of appeal:

"From the indictment and the judgment of sentencing me to a term of 30 years in state's prison for a crime of burglary, which was rendered against me on May 25, 1910.  *  *  *  That the defendant hereby appeals from each and every part of the said indictment and sentence."

No case on appeal seems to have been made and settled, but the record upon which the appeal was presented contains the indictment in the Court of General Sessions of the Peace whereby the appellant and one Kramer were indicted for the crime of burglary in the first

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

degree. It appears from the indorsements on this indictment that on May 20, 1910, the appellant pleaded guilty to burglary in the first degree, and on May 25, 1910, he was sentenced to 30 years in the state prison and adjudged an habitual criminal, and under that indorsement appear the initials of a judge of the Court of General Sessions. There are further indorsements on the indictment that the defendant was aged 21 and as to his nativity, occupation, etc., and then the following: "Before convicted; 1908; General Sessions, Elmira Ref.; G. L."— the letters "G. L." presumably relating to grand larceny. There is then printed an extract from the minutes of the court which is in substance a judgment. It recites that at a Court of General Sessions of the Peace of the City and County of New York, on the 25th of May, 1910, present Honorable James T. Malone, judge of the Court of General Sessions, Justice, wherein it is ordered and adjudged by the court that the said Samuel Rosen for the felony aforesaid, whereof he is convicted, be imprisoned in the state prison, at hard labor, for the term of 30 years, and the defendant is hereby adjudged an habitual criminal. There is no other record of the conviction or plea before us. We must assume that these indorsements are correct; that the defendant pleaded guilty to this indictment; that he was sentenced to the state prison for 30 years; and that the appellant had been before convicted in 1908 at the Court of General Sessions of grand larceny, and had been sentenced to Elmira Reformatory. It is claimed that this judgment was erroneous, in that the defendant was not indicted as a second offender under the Code of Criminal Procedure, and that, not having been indicted as having been before convicted of a felony, he could only be sentenced under section 2189 of the Penal Law for an indeterminate sentence. In disposing of this appeal we must assume that the defendant was indicted for the crime of burglary in the first degree with no statement in the indictment that he had been before convicted of a felony; that he pleaded guilty to that indictment; and that it was established after the plea and before judgment that the defendant had been before convicted of a felony and sentenced to the Elmira Reformatory, and the court thereupon sentenced the defendant to 30 years in state prison and adjudged him to be an habitual criminal.

Article 90 of the Penal Law provides for the punishment to be inflicted upon habitual criminals. Section 1020 provides:

"Where a person is hereafter convicted of a felony, who has been, before that conviction, convicted in this state, of any other crime, * * * he may be adjudged by the court, in addition to any other punishment inflicted upon him, to be an habitual criminal."

And section 1021 provides for the supervision of the person of an habitual criminal. These same provisions are contained in the Code of Criminal Procedure, sections 510, 511, 512, 513, 514, and 514A, which provide for the supervision and punishment of a person who has been so adjudged. There is nothing in either of these sections as to the method by which it is to be determined whether or not a person so convicted has been before convicted; but these provisions seem to have been taken from the Habitual Criminal Act (chapter 357 of the Laws

of 1873), and the sections of the Code of Criminal Procedure super-
seded that act.   I think we must presume from this record that the
court below determined upon sufficient evidence that this defendant
had been convicted of a felony prior to his indictment and conviction
of the offense of burglary, and that he came within these provisions
of the Code of Criminal Procedure and the Penal Law as a person
convicted of a felony who had been before that conviction convicted
in this state of a crime.   There is nothing in the sections of the Code
of Criminal Procedure or of the Penal Law referred to which requires
that this prior conviction should be charged in the indictment.   What
is required is that after a conviction the court should determine, upon
competent legal evidence, that the person convicted of the crime had
been before convicted of a crime, and then the court was required to
adjudge him an habitual criminal, and a person so convicted thereby
became subject to certain supervision by magistrates and others and to
summary arrest in certain specified cases.   These provisions having
been a part of the Penal Code and Code of Criminal Procedure, sec-
tion 1941 of the Penal Code, providing for the conviction and punish-
ment of a second offender, was enacted.   It provides that:

"A person, who, after having been convicted within this state, of a felony,
or an attempt to commit a felony, or of petit larceny, or, under the laws
of any other state, government, or country, of a crime which, if committed
within this state, would be a felony, commits any crime, within this state,
is punishable upon conviction of such second offense, as follows:"

—and then provides the punishment to which a person thus convicted
as a second offender is subject.   This provision, it seems to me, is
entirely distinct from the provisions of section 1020 of the Penal Code
or section 510 of the Code of Criminal Procedure.   One provides for
the indictment and trial of a person as a second offender; the other
for a judgment of the court after the trial of a person indicted and
convicted as a first offender, but who was subsequently proved to the
court to have been before convicted.   These two provisions being in
existence, by chapter 425 of the Laws of 1901, the provision in rela-
tion to indeterminate sentences to state prison was adopted (Penal
Law, § 2189).   It is there provided:

"A person never before convicted of a crime punishable by imprisonment
in a state prison, who is convicted in any court in this state of a felony
other than murder first or second degree, and sentenced to a state prison,
shall be sentenced thereto under an indeterminate sentence, the minimum
of which shall not be less than one year, or in case a minimum is fixed by
law, not less than such minimum; otherwise, the minimum of such sentence
shall not be more than one half the longest period and the maximum shall
not be more than the longest period fixed by law for which the crime is
punishable of which the offender is convicted."

The defendant would have been subject to this provision but for the
fact that the court has adjudged that he had been before convicted of
a crime punishable by imprisonment in a state prison.   There is noth-
ing in this provision that limits its application to a person convicted
as a second offender, and therefore in determining the sentence the
judge was to ascertain whether or not the person convicted had or had
not been before convicted of a crime punishable by imprisonment in a

state prison. If he determined that the prisoner had been before convicted of such a crime, the provision as to an indeterminate sentence did not apply, and the other sections of the Code prescribing the sentence for persons convicted of the crime were applicable. The crime of burglary in the first degree is punishable by imprisonment for not less than 10 years, and the defendant, having been before convicted of a crime punishable by imprisonment in a prison, was subject to imprisonment for 30 years in a state prison, the sentence prescribed by the court below. In the case of a person who had committed a crime, he could be indicted either as a first or second offender. If indicted as a second offender, there must be proof before the jury of the first conviction, and then the provisions of the Code fixing the sentence of a second offender applied, or such a person could be indicted as a first offender, and after conviction, if the court determined that he had been actually convicted of a crime, the court was required, under section 1020 of the Penal Law and section 510 of the Code of Criminal Procedure, to adjudge him an habitual criminal. In that case he would not be entitled to an indeterminate sentence provided for those who had never before been convicted of a crime. This conclusion seems to follow from the express provisions of the Penal Law and the Code of Criminal Procedure to which attention has been called.

It follows that the court below properly sentenced the defendant to 30 years in state prison, and the judgment was therefore proper, and should be affirmed.

LAUGHLIN, MILLER, and DOWLING, JJ., concur.

McLAUGHLIN, J. (dissenting). The defendant was indicted for the crime of burglary in the first degree, and upon being arraigned, he pleaded guilty. Upon his plea, judgment could be pronounced only for the crime charged. Burglary in the first degree is "punishable by imprisonment in a state prison * * * for not less than ten years," and maybe for life (Penal Law, § 407). The punishment here inflicted was imprisonment in a state prison "for the term of thirty years," and in addition the defendant was "adjudged an habitual criminal."

It is claimed that the court was authorized, in addition to inflicting the other punishment, to adjudge the defendant an habitual criminal under section 510 of Code of Criminal Procedure, and section 1020 of Penal Law, since it appeared that the defendant had previously been convicted of grand larceny. There is no proof in the record of such previous conviction; but in the brief presented by the learned district attorney a statement is made to the effect that defendant, in answer to certain questions put to him pursuant to the provisions of the statute (Code of Criminal Procedure, § 485a), admitted it, and there is a statement on the back of the indictment which reads as follows: "Before convicted; 1908; General Sessions; Elmira Ref.; G. L."

But assuming that the defendant did, in answer to certain question put to him after he had pleaded guilty to the crime charged in the in-

dictment, admit that he had previously been convicted of a felony, such admission did not, in my opinion, authorize the court to adjudge him an habitual criminal or to impose any punishment other than that prescribed for burglary in the first degree. Where it is sought to impose an increased punishment upon a defendant by reason of previous conviction, it is essential that the prior conviction be charged in the indictment and proved upon the trial. It is a necessary fact to be pleaded, since it constitutes a substantial part of the indictment. Wood v. People, 53 N. Y. 511; Johnson v. People, 55 N. Y. 512; People v. Sickles, 156 N. Y. 541, 51 N. E. 288; People ex rel. Cosgriff v. Craig, 195 N. Y. 193, 88 N. E. 38; People v. Bretton, 144 App. Div. 282, 129 N. Y. Supp. 247.

The defendant pleaded guilty to the crime charged in the indictment, and upon this plea judgment could only be imposed for the crime charged as and for a first offense. He could not for a first offense be adjudicated an habitual criminal. Such punishment could only be imposed when there had been a prior conviction. In People v. Sickles, supra, it was held that the prior conviction must not only be charged in the indictment, but proved before the jury on the trial. Judge Gray, who delivered the opinion of the court, said:

"I regard it as a necessary and logical conclusion, where an increased punishment is prescribed by the statute upon conviction for a second offense, the prior conviction enters as an ingredient into the criminality of the prisoner. Not that the prior conviction tends, in any wise, to prove the commission of the second offense, but that it aggravates the guilt of the prisoner, and, as a hardened or unreformed criminal, subjects him to an increased punishment for the repeated crime."

People v. Bretton, supra, is exactly in point. There the defendant was indicted for the crime of grand larceny in the second degree, as a second offense. On being arraigned, he pleaded not guilty, but substantially withdrew this plea and entered a plea of guilty of grand larceny as a first offense. When he was arraigned for sentence, it appeared from his answers to questions put to him that he had previously been convicted and sentenced to a state prison; and he was thereupon sentenced to imprisonment for life. It was held that the sentence was not justified; he having pleaded guilty to a crime for which a lesser sentence was provided.

I am of the opinion that the sentence here, in so far as it adjudged the defendant an habitual criminal, was not justified. The judgment, however, may be corrected. Section 543 of Code of Criminal Procedure provides:

"Upon hearing the appeal the appellate court may, in cases where an erroneous judgment has been entered upon a lawful verdict or finding of fact, correct the judgment to conform to the verdict or finding."

And that is what should be done in this case. The defendant pleaded guilty to a distinct crime for which a penalty is prescribed, and the judgment should be corrected by striking therefrom so much of it as adjudges the defendant to be an habitual criminal.