The People of the State of New York ex rel. Ernest Robideau, Relator, *v.* Harry M. Kaiser, as Warden of Clinton Prison, Dannemora, N. Y., Respondent.

Supreme Court, Clinton County, July 6, 1929.

*Ernest Robideau,* relator, in person.

*Hamilton Ward, Attorney-General [Almon W. Burrell, Assistant Attorney-General,* of counsel; *H. W. Main, District Attorney,* with him on the brief], for the respondent.

BREWSTER, J.   On December 14, 1927, the relator was found guilty by the verdict of a trial jury in the County Court of Franklin county upon the trial therein of an indictment charging him with the felony of rape in the second degree, and thereupon said court adjudged that he be confined at hard labor in Clinton Prison, at Dannemora, N. Y., for the rest of his natural life.   Relator is now and since December 17, 1927, has been serving said sentence in said prison.   These facts appear from the defendant's return to the writ of habeas corpus sued out by the relator herein, as well as from the petition for the writ.   A copy of a certified copy of the commitment by virtue whereof respondent is holding the relator in life imprisonment is annexed to the return and it seems to me that it is defective because it wholly fails to disclose anything to justify or explain the reason for or the premise of this sentence and judgment in that there is a total absence of any recital of or reference to any proceedings that were had pursuant to sections 1942 and 1943 of the Penal Law (as amd. by Laws of 1926, chap. 457), whereby the fourth conviction of a felony entails such sentence. It seems to me that the final process of a court which consigns a prisoner to life imprisonment and is, therefore, to constitute the *indicia* of authority for his said detention should disclose on its face in unequivocal language the reason therefor together with a recital of the proceedings necessarily had to justify it.   (*People* v. *Gowasky,* 244 N. Y. 451, 464.)

The petition for the writ discloses that after the verdict aforesaid was returned against the relator, the district attorney filed an information charging him with three previous convictions of felonies and that upon the relator's admission of identity the sentence of

life imprisonment followed. From the copy of the commitment annexed to and forming a part of the respondent's return it appears that the alleged first felony conviction of relator which is relied upon as constituting one of his four felony convictions to warrant the sentence he received, was a conviction wherein no judgment of the court was pronounced but instead sentence was suspended and, therefore, on the authority of *People* v. *Schaller* (224 App. Div. 3) I feel constrained to hold that this conviction may not be relied upon and counted as one of the four felony convictions to uphold the sentence in question and that accordingly the relator's sentence to life imprisonment was illegal and void. Since this defect appears upon the face of the process by which relator is held, as well as the respondent's return, and shows that the judgment was not merely erroneous and unauthorized but was forbidden by law, it may be reviewed in this proceeding. (*People ex rel. Knowlton* v. *Sadler*, 2 N. Y. Crim. 438.) I consider it, therefore, my duty to sustain the writ and order the discharge of the relator.

Submit order.