THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WALDEMAR WENGORRA, Defendant.

Court of General Sessions of County of New York, May 21, 1938.

*Thomas E. Dewey, District Attorney* [*George G. Hunter, Jr., Assistant District Attorney*, of counsel], for the plaintiff.

*Quasha & O'Hagan* [*Henry Joseph O'Hagan* of counsel], for the defendant.

DONNELLAN, J.   The defendant pleaded guilty in the Court of General Sessions to the crime of arson in the third degree, and thereafter — but before sentence — an information was filed charging him with being a second offender under section 1941 of the Penal Law.

The information alleged that the defendant, on or about October 21, 1938, pleaded guilty in Monmouth Oyer and Terminer Court, Monmouth, N. J., to forgery and was placed on probation for two years and ordered to pay costs. The complaint lodged against the defendant in New Jersey charged him with the crime of larceny, obtaining money under false pretenses and forgery. He was charged with having stolen a check for the sum of twelve ($12.00) dollars, forging the name of the payee and thereafter cashing the check. On this set of facts the defendant was indicted for forgery to which, as heretofore stated, he pleaded guilty.

The defendant admits that he is the same person mentioned in the information, but contends that his plea in New Jersey on which he received a suspended sentence does not constitute a prior conviction, and therefore he should be sentenced as a first and not as a second offender.

The punishment prescribed in the Penal Law for arson in the third degree is imprisonment for a term not exceeding fifteen years, and if the defendant were sentenced as a first offender the maximum punishment that could be meted out to him would be a sentence of from seven and one-half to fifteen years. If, however, the defendant is found to be a second offender by reason of his plea in the State of New Jersey, the minimum punishment which could be imposed upon him is a term of imprisonment of not less than fifteen years nor more than thirty years.

Although the punishment ensues from the second offense in this State, nevertheless, if the plea in New Jersey on which sentence was suspended is considered a prior conviction, then in reality it increases the punishment for the offense in this State by a term of seven and one-half to fifteen years at the minimum.

Section 1941 of the Penal Law prescribes that a person who, after having been convicted of a felony, etc., was " convicted * * * under the laws of any other State, * * * of a crime which, if committed within this State, would be a felony, commits any felony, within this State, is punishable upon conviction," and section 470-b of the Code of Criminal Procedure recites: " If judgment be not pronounced as in the last section provided, nevertheless: 1 For the purpose of indictment and conviction of a second offense, the plea or verdict and suspension of sentence or suspension of execution of the whole or a part of the judgment after sentence shall be regarded as a conviction, and shall be pleaded according to the fact." Under this section, if the prior offense had been committed within the State of New York, even though sentence had been suspended on the defendant for the same, it would be regarded as a prior conviction.

The question therefore is whether or not this provision of the Code, section 470-b, should be applied to the pleas of guilty in other States on which sentence was subsequently suspended. If it applies to suspensions in other States, then the defendant should be sentenced as a second offender, but if it has no extra territorial effect, then the defendant is to be considered as a first offender and sentenced accordingly.

In *People ex rel. Marcley* v. *Lawes*, 254 N. Y. 249, the defendant had been sentenced as a fourth offender to imprisonment for the term of his natural life. On two of the prior convictions he had received a suspended sentence. The court cited with approval *People* v. *Fabian*, 192 N. Y. 443 in which it was held that a suspension of sentence did not constitute a conviction within the meaning of the Election Law, and in which the court cited with approval the dissenting poinion of Mr. Justice CLARKE of the Appellate Division, 126 App. Div. 89, 104, to the effect that " where disabilities, disqualifications and forfeitures are to follow upon a conviction, in the eye of the law it is that condition which is evidenced by sentence and judgment and that where sentence is suspended and so the direct consequences of fine and imprisonment are suspended or postponed temporarily or indefinitely, so, also, the indirect consequences are likewise postponed." The court held that the suspension of sentences did not constitute prior convictions, and that the defendant should not have been sentenced as a fourth offender.

In *People* v. *Schaller*, 224 App. Div. 3, the defendant was sentenced to life imprisonment as a fourth offender. Two of the prior convictions relied upon occurred in Massachusetts. The defendant pleaded guilty in Massachusetts to grand larceny in the second degree but, upon the recommendation of the District Attorney, the indictments were " placed on file " and the defendant " discharged from custody without punishment." It was held in this case that the proceedings in Massachusetts did not constitute a conviction within the meaning of sections 1942 and 1943 of the Penal Law. To constitute a conviction within the meaning of these sections there must not only be a verdict or plea of guilty, but also a final judgment and sentence following the plea or verdict. In that case also the court held that the defendant should not have been sentenced to life imprisonment as a fourth offender.

I can see no reason for holding that section 470-b of the Code should be made applicable to pleas of guilty to felonies in other States upon which sentence is suspended. The plea of guilty to the indictment in New Jersey upon which sentence was suspended

does not constitute a prior conviction or make the defendant a second offender for the purpose of sentence. [*People* v. *Fabian, supra; People* v. *Schaller, supra; People ex rel. Marcley* v. *Lawes, supra.*]

The Information charging the defendant with being a second offender is dismissed.

Information dismissed.