THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARVEY BISTANY, Relator, *v.* JOSEPH H. BROPHY, Warden of Auburn State Prison, Auburn, New York, Respondent.

County Court, Queens County, March 20, 1940.

*James J. Wilson,* for the relator.

*Charles P Sullivan, District Attorney [George Stier, Assistant District Attorney,* of counsel], for the respondent.

COLDEN, J. The relator Harvey Bistany was indicted by the grand jury of Queens county on September 30, 1936, for the crimes of burglary, third degree, and grand larceny, second degree. On November 2, 1936, he pleaded guilty as indicted. Thereafter the district attorney filed an information charging that the relator was a fourth offender, and enumerated three previous felony convictions. The relator, on December 21, 1936, pleaded guilty as charged in the information. On December 24, 1936, he was sentenced to a New York State prison for a term of not less than fifteen years nor more than his natural life.

Thereafter, while the relator was an inmate of the Auburn State Prison, a writ of habeas corpus was granted by the Hon. WILLIAM L. DOWLING, a justice of the Supreme Court, returnable on September 12, 1938, before the Supreme Court at a term to be held in the city of Syracuse, and upon the return was duly referred by the Hon. EDWARD N. SMITH, a justice of the Supreme Court, to the Hon. ERNEST I. EDGCOMB, official referee of the Supreme Court, to hear, take testimony and report the same, together with his opinion. Thereafter the learned official referee reported that it was his opinion " that the relator be remanded to the County Court of Queens County for resentence, if the same is necessary after the question is properly determined whether or not the relator is a fourth offender."

Thereafter, at a term of the Supreme Court held in and for the county of Onondaga, an order was made by the Hon. EDWARD N. SMITH, justice of the Supreme Court, dismissing the writ of habeas corpus and remanding the relator to the custody of the sheriff of Queens county to bring the relator before the County Court of Queens county " for the purpose of determining whether or not in truth and in fact he is a fourth offender."

The relator was brought before this court pursuant to said order and he stated his contentions. The relator being without means to employ counsel, the court assigned James J. Wilson,

former assistant district attorney of New York county, to represent the relator, and he has given freely of his time and ability in the interests of the relator in the many hearings which have been held, and the assistant district attorney, George Steir, has been most co-operative, both in his meticulous fairness to the relator and in his assistance to the court. Many adjournments were granted at the request of the relator and every opportunity has been afforded to him, personally as well as through counsel, to present his arguments, obtain exhibits and the like.

At the final hearing it was conceded that there are two questions to be passed upon, the *first*, whether or not the relator pleaded guilty to a misdemeanor or to a felony under an indictment found against him in the State of Massachusetts, and *second*, where the relator, in the State of Massachusetts, pleaded guilty to a felony, and was not sentenced, but placed upon probation, and thereafter was recalled and sentenced, and served such sentence, whether or not such subsequent sentence may be used to increase the punishment of the relator in this State to that applicable to fourth offenders.

As to the first point, the relator was indicted on January 18, 1924, by the grand jury of Essex county, Commonwealth of Massachusetts, on the charge that he " did attempt to break and enter, in the night time, the building of Elias Maloof, with intent therein to commit larceny, and in such attempt did break a pane of glass, but was intercepted and prevented in the execution of said attempted offense."

To this indictment the record shows the relator pleaded guilty. He now contends that the record is defective in that it fails to show that he pleaded guilty not to the whole of the indictment as a charge of attempted burglary, a felony, but merely to a charge of attempted unlawful entry, a misdemeanor. The difficulty with this contention is that the district attorney has produced properly certified records from the State of Massachusetts, the exhibits above mentioned, and the certificate of conviction expressly states, after identifying the indictment, " to which indictment said Bistany pleads guilty." The relator vigorously contends that this record is incorrect. However that may be, the courts of this State cannot question the records and judgments of a sister State by collateral attacks. If the record in Massachusetts is not correct, application should be made in that State to correct it, but not here.

As to the second point, the relator contends that the conviction above referred to cannot be used against him for the reason that at the time he pleaded guilty and came up for sentence, " no judgment and no sentence was rendered, nor was there any judgment or any

sentence rendered and suspended, but the defendant was placed on probation."

The record produced by the district attorney shows that the relator was placed on probation on June 3, 1924, and is silent as to any suspension of sentence. Thereafter on February 26, 1925, the relator (who had gotten into other conflict with the law on another charge) was brought before the court and sentenced on the above conviction under said indictment, to confinement at hard labor for the term of one year.

The relator concedes that had sentence been imposed upon him at the time of his conviction, and actual service of the sentence begun, that, so far as this point is concerned, such conviction could be used against him, but he contends that, having been put on probation without sentence either stayed or suspended, the subsequent imposition of the sentence may not be considered in our State as a prior conviction.

The determination of the punishment of fourth offenders is governed by section 1942 of the Penal Law, and the procedure to be followed by section 1943 of the Penal Law. In the case of second offenders, it is immaterial whether or not a sentence was imposed, suspended, stayed or executed. The verdict of guilty or plea of guilty to the prior felony is sufficient and the court must impose the penalty provided by section 1941 of the Penal Law read in the light of subdivision 1 of section 470-b of the Code of Criminal Procedure.

The rule in the case of fourth offenders is different. In such case each prior verdict or plea must be followed by the judgment of the court imposing a sentence and the actual execution of the sentence. If the execution of the sentence is suspended or stayed, then such prior conviction may not be used against a defendant. (*People* v. *Schaller*, 224 App. Div. 3; *People ex rel. Robideau* v. *Kaiser*, 134 Misc. 468; *People ex rel. Friedman* v. *Kaiser*, Id. 786; *People ex rel. La Placa* v. *Murphy*, 277 N. Y. 581; *People* v. *Wengorra*, 168 Misc. 373; *People ex rel. Marcley* v. *Lawes*, 254 N. Y. 249.)

The relator contends that he is entitled to the benefit of the rule to which the foregoing cases adhere, and that the subsequent revocation of probation and the imposition of a sentence by the Superior Court of Essex county in the State of Massachusetts, and the serving of such sentence by the relator, do not bring such prior conviction within the definition of prior convictions adopted by our courts in the State of New York. He contends that this revocation and the punishment imposed resulted from his subsequent conflict with the law arising out of another situation. This court is without power to consider the reasons which motivated the Superior Court of Massachusetts in revoking probation and imposing a sentence

and properly so. This court must follow the procedure outlined in section 1943 of the Penal Law and that has been done. It is my opinion that the act of the Superior Court of Massachusetts in revoking probation and imposing a sentence upon the relator followed by the execution of such sentence, constitutes a prior conviction which may be properly counted against the relator in determining his status as a fourth offender. In accordance with the direction contained in the order made by the Hon. EDWARD N. SMITH, justice of the Supreme Court, at a Special Term thereof held in and for the county of Onondaga at the courthouse in the city of Syracuse on September 12, 1938, I find and so determine that the relator is a fourth offender.

The sentence heretofore pronounced against the relator by this court will not be changed. The relator should be returned to the New York State prison in accordance with the provisions of the commitment heretofore made. Submit order in accordance with this decision.