THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN DONALD O'DONNELL, Alias JOHN RIDDELL, Alias JOHN O'DONNELL, Defendant.

County Court, Queens County, September 23, 1941.

*Charles P. Sullivan, District Attorney [Henry W. Schober* and *James F. T. Delaney, Assistant District Attorneys,* of counsel], for the plaintiff.

*William E. Kennedy,* for the defendant.

Downs, J. This is a motion made in behalf of defendant John Donald O'Donnell to void the sentence pronounced by this court on September 27, 1928, and for an order releasing the defendant, or in the alternative for an order expunging the said sentence and having the prisoner returned to this court for resentence in accordance with law.

At the outset I desire to say that the very remarkable and unusual aspects of this motion have caused me to devote a great amount of time to an examination of all the cases which in any manner deal with the many problems this motion raises; and I might also add that the extremeness of the sentence was also a motivating cause for the great amount of work spent in an effort to properly decide this motion.

The defendant herein was tried before a judge of another county, who was presiding over a part of this County Court on the 17th, 18th, 19th and 21st days of September, 1928. The indictment accused the defendant and others with the commission of the crimes of robbery in the first degree, grand larceny in the first degree, assault in the second degree committed by this defendant as second offenses. The jury rendered a verdict of " guilty as

charged " on the 21st day of September, 1928. On September 25, 1928, the defendant was arraigned on an information under sections 1941, 1942 and 1943 of the Penal Law. This information charged (1) that the defendant was convicted of the crime of assault in the second degree on the 27th of July, 1916; (2) that the defendant on the 11th of April, 1919, was convicted of the crime of attempted burglary, third degree, as a second offense; (3) that the defendant, on or about the 6th of December, 1920, was convicted of the crime of assault in the second degree.

The information bears this indorsement: " Defendant arraigned on the within information on September 25, 1928, informed that he had a right to be tried as to the truth of the allegations, waived the right to be tried and said he was the same person. Signed, Presiding Judge."

The defendant was subsequently sentenced on September 27, 1928, as follows: " New York State Prison at Sing Sing for the term of natural life."

The commitment fails to indicate, and, in fact, is very meager in indicating, whether this defendant was sentenced as a second offender or as a fourth offender. On this particular point it is vitally obscure. Since the defendant's incarceration at Sing Sing commenced upon his being received there and the filing of the commitment, I will take up this matter intending to follow a sequence from that point to the present.

The higher courts have expressed their opinion, which seems to indicate that the commitment whereby a defendant is held for life imprisonment should disclose something to explain the reason for or the premise of this sentence and judgment, and before a man should be deprived of his liberty or life there should be some definite basis explaining the conditions and the reasons and the purposes which justified such an extreme sentence. This thought was indicated in *People ex rel. Robideau* v. *Kaiser* (134 Misc. 468).

The sentence for robbery in the first degree as expressed in 1928 was as follows: " Section 2125. Robbery in the first degree is punishable by imprisonment for a term not less than fifteen years."

The punishment for burglary in the first degree, section 407, is as follows: " Burglary in the first degree, for not less than fifteen years."

I assume, because of the fact no maximum was placed or indicated in either of these sections of the Penal Law, that it would be technically legal to sentence a man for a term of not less than fifteen years and the maximum of which could be his natural

life. I cannot get myself to think that the Legislature ever intended a man should receive a life sentence for the commission of the crime of robbery in the first degree or burglary in the first degree, unless the crime were accompanied by extremely cruel circumstances as well as serious injury to person; and I cannot escape this reaction to this law, because in 1928 murder in the second degree was as follows: "Section 1046. Such killing of a human being is murder in the second degree, when committed with a design *to effect the death* of the person killed, or of another, but without deliberation and premeditation." (Italics supplied.) Here the Legislature definitely indicated its attitude towards offenses accompanied by serious bodily violence and definitely indicated it was aware of the extreme penalty that might be inflicted, because in that connection the punishment for murder in the second degree as pronounced in section 1048 reads: "Murder in the second degree is punishable by imprisonment under an indeterminate sentence, the minimum of which shall be not less than twenty years and the maximum of which shall be for the offender's natural life; * * *."

These sections of our Penal Law and the punishments pronounced in connection therewith seem to indicate definitely that the Legislature never intended that a man should be sentenced to a term of his natural life for burglary in the first degree or robbery in the first degree. We have further analysis for this line of reasoning in section 1941 involving the punishment for second offense of felony: " * * * If the subsequent felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than the longest term, nor more than twice the longest term, prescribed upon a first conviction." This section seems to indicate the common sense of these deductions. There was never any intention of sentencing a man to the term of his natural life for burglary or robbery in the first degree. So, if he were sentenced as a second offender, not only the commitment is meager and obscure, but the sentence seems to have no logical foundation.

There has been a great deal of confusion created by section 1941 of the Penal Law which has extended from 1928 up to and including 1938. Of course, in 1928 there was a very drastic interpretation of section 2125 of the Penal Law that as a first offender a defendant could have received a sentence, the maximum of which would be the term of his natural life. This section was under consideration in the case of *People* v. *Sobierajski* (224 App. Div. 227), wherein it was said: "There is apparent a different construction which

may very well be placed upon section 1941 of the Penal Law in that where no maximum term of sentence is fixed, as for robbery in the first degree and burglary in the first degree, there is no way, in a hypothetical case, of determining whether the offender *would* be punishable by a term less than his natural life until after the court had imposed its sentence in such a case."

And in the same case, the same judge writing further says: " Attention is also called to the fact that under the present construction of the trial courts of section 1941, the word ' twice ' as contained in the phrase ' more than twice the longest term, prescribed upon a first conviction ' is surplusage, for no man could be sentenced for twice his natural life."

More recently the Court of Appeals (*People* v. *Washington*, 264 N. Y. 335) said, in construing section 1941: " It contemplated a determinate sentence for a flat term fixed by the court somewhere between the longest term and twice the longest term prescribed upon a first conviction. Such has been the invariable practice. The minimum and maximum limits were intended merely to leave play for the exercise of discretion."

This case also clearly indicated that the Court of Appeals construed the maximum sentence as the actual sentence of the court because of the fact that a defendant could be kept for the maximum period. (*People* v. *Washington, supra.*)

Although section 2191 of the Penal Law prescribed when a crime was declared by statute to be punishable by imprisonment for not less than a specified number of years and no limit of duration of the imprisonment is declared, the court authorized to pronounce judgment upon conviction may in its discretion sentence the offender to imprisonment during his natural life or for any number of years not less than the amount prescribed. The case of *People* v. *Rosen* (150 App. Div. 595) seems to indicate an element of humanity and humaneness must be exercised in pronouncing sentence under this section. Section 2192 of the Penal Law indicates the reaction of the Legislature where a maximum number of years is definitely indicated in the law.

Further interpreting the punishment for robbery or burglary in the first degree, assume the defendant was convicted as a first offender, *Quære* could the defendant then be given life imprisonment, especially when you take into consideration section 2189 of the Penal Law which was then existing and which prescribed that all first offenders should be sentenced to an indeterminate sentence to a State prison for a term, the minimum of which shall be not less than one year, or in case a minimum is fixed by law, not less than such minimum; otherwise, the minimum of such

sentence shall not be more than one-half the longest period and the maximum shall not be more than the longest period fixed by law for which the crime is punishable of which the offender is convicted.

From all the aforesaid it seems confusion existed in the interpretation of sections 1941, 2125 and 407 of our Penal Law as they existed in 1928. This seems to be borne out by subsequent amendments of the Penal Law as follows:

(1) Subdivision 1 of section 407 provides punishment as follows: " Burglary in the first degree, for an indeterminate term the minimum of which shall not be less than ten years and the maximum of which shall be not more than thirty years." (Laws of 1932, chap. 275, in effect March 18, 1932.)

(2) Section 2125. " Robbery in the first degree is punishable by imprisonment for an indeterminate term the minimum of which shall be not less than ten years and the maximum of which shall not be more than thirty years." (Laws of 1932, chap. 275, in effect March 18, 1932.)

(3) Section 1941. " * * * If the second or third felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for an indeterminate term the minimum of which shall be not less than the longest term prescribed upon a first conviction and the maximum of which shall be twice such term." (Laws of 1936, chap. 70, in effect March 6, 1936.)

The second point I desire to take up is the sufficiency of the warning to defendant at the time of arraignment upon the information.

Section 1943 of the Penal Law provided: " If at any time, either after sentence or conviction, it shall appear that a, person convicted of a felony has previously been convicted * * *, it shall be the duty of the district attorney of the county in which such conviction was had to file an information accusing the said person of such previous convictions. Whereupon, the court in which such conviction was had shall cause the said person, whether confined in prison or otherwise, to be brought before it and *shall inform him of the allegations contained in such information and of his right to be tried as to the truth thereof according to law, and shall require such offender to say whether he is the same person as charged in such information or not.*" (Italics supplied.) It will be noticed that the conjunctive word " and " is used throughout this section. This section also makes other provisions as to what may occur at such time.

The Court of Appeals has stated the provision that the judge shall inform him of the allegations of previous convictions and of his right to be tried as to the truth thereof is not a mere formality which may be brushed aside as unnecessary. (*People* v. *Gowasky*, 244 N. Y. 451.)

In this connection, may I at this point indicate that if the defendant were convicted as a second offender, he would still be such even though his prior conviction for a felony has resulted in a suspended sentence. This is not true if he were sentenced as a fourth offender, because our courts have definitely indicated in one decision after another that a suspended sentence cannot be included in making a defendant a fourth offender for the simple reason that a suspended sentence is not a final judgment of the court. (*People ex rel. Marcley* v. *Lawes*, 254 N. Y. 249; *People ex rel. Robideau* v. *Kaiser*, 134 Misc. 468; *People ex rel. Jobissy* v. *Murphy*, 268 N. Y. 695; *People ex rel. La Placa* v. *Murphy*, 277 id. 581.)

Section 1942 in its reference to sentence as a fourth offender omits any reference to the fact that a prior suspended sentence might be considered. Section 1941 definitely permits a conviction as a second offender even though the prior conviction had resulted in a suspended sentence.

It will be observed as heretofore indicated at the beginning of this opinion that nowhere in the information is there any indication that the defendant had ever been sentenced for any of these crimes.

I could go on and discuss the confusion arising from these previously contemplated sections, but it seems to me it is unnecessary to go further. However, I am impressed by the fact that section 1945 of the Penal Law, as amended by chapter 540 of the Laws of 1941 and effective September 1, 1941, possibly was an activating reason for the bringing of this motion. It does seem to me that men at the present time serving life sentences should have an opportunity to avail themselves of all benefits existing prior to the adoption of this section, especially men who have nothing facing them but imprisonment for the term of their natural lives.

Subdivision 2 of section 1945, as amended and effective September 1, 1941, which is new in its entirety, makes certain drastic changes and definitely indicates that this defendant cannot apply for parole until after a definitely established minimum term, which may be up to thirty years if he is construed to have been sentenced as a fourth offender.

Under all these circumstances, I am of the opinion and I feel rightly so, that this defendant should be returned to the County Court of Queens County for resentence, that he should be definitely

arraigned upon an information that indicates whether or not he is the same person convicted three times prior thereto for felonies and whether in each instance he was sentenced to a term of imprisonment which became effective, and that he should be permitted to plead to an information which is ample and instructive, rather than being somewhat meager. Thereafter, he should be sentenced and then imprisoned on a commitment which is definite and indicating why the sentence was pronounced.

This court, therefore, orders that the sheriff of Queens county is directed to receive the defendant herein from the warden of the State Prison at Auburn in which he is now confined and the said warden is authorized to deliver the said prisoner to the sheriff of Queens county for production before the County Court of Queens County, Part I thereof, for resentence on the 8th day of October, 1941, and in the event final disposition of this matter cannot take place then, that the said defendant be continued to be held until the final order of this court and that the defendant be confined in the City Prison of Queens County, the warden of which institution is directed to receive the defendant subject to the further order of the County Court, Queens County, or any other court of competent jurisdiction.

Submit order on two days' notice to the district attorney of Queens county. Please submit this order at the earliest convenient moment.