THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM HORTON, Defendant.

County Court, Kings County, February 23, 1943.

*William Horton* in person.

*Thomas Cradock Hughes, Acting District Attorney,* for plaintiff.

BRANCATO, J. The defendant was convicted in this court by the verdict of a jury on March 22, 1927, for the crime of robbery, first degree, armed with a dangerous weapon, as charged in the indictment. Thereafter on April 1, 1927, the District Attorney filed an information against him pursuant to section 1943 of the Penal Law, alleging that prior to said conviction the defendant had twice been convicted of felonies, also in this court, as follows: On November 22, 1920, for robbery in the third degree, and on March 20, 1926, for burglary in the third degree. When arraigned before the court to plead to the information on April 1, 1927, the defendant did not deny the allegations therein contained. This is shown from the appropriate annotation endorsed thereon and from the clerk's minutes of this court. The defendant's moving affidavit likewise admits these facts, the defendant contending, however, that the commitment, which authorizes his detention, is illegal for the reason that while it recites the sentence by the court to State prison for the term of defendant's natural life, it does not allege, *his verbis,* that he was sentenced as a *second offender* pursuant to section 1941 of the Penal Law.

The penalty for first degree robbery for a first offender prior to the 1932 amendment (ch. 275) to section 2125 of the Penal Law was imprisonment for not less than fifteen years. No maximum was fixed by this statute. For a second felony offender, pursuant to section 1941 of the Penal Law, the penalty for first degree robbery was imprisonment for the term of defendant's natural life. (*People* v. *Domkiewicz,* 165 Misc. 339.) By section 486, Code of Criminal Procedure, " When a judgment, except of death, has been pronounced, a certified copy of the entry thereof upon the minutes must be forthwith furnished to the officer whose duty it is to execute the judgment; and no other warrant or authority is necessary to justify or require its execution."

A commitment, by virtue whereof an individual may be detained in a State prison for a term of years beyond that authorized by law for a first felony offender, is defective if it wholly fails to disclose or explain the reason for the aggravated punishment. (*People ex rel. Robideau* v. *Kaiser,* 134 Misc. 468; *People* v. *O'Donnell,* 177 Misc. 562.)

In the instant case there was a substantial compliance with the provisions of this statute. The certificate or the commitment furnished to the prison authorities, contemplated in section 486, Code of Criminal Procedure, consists of three paragraphs which, without the aid of any other documentary evi-

dence, adequately indicates on its face (a) that the defendant was indicted, convicted and sentenced for the crime above stated by a court of competent jurisdiction; (b) that the said sentence was imposed in accordance with the provisions of sections 1941 and 2125 of the Penal Law extant before the 1932 amendment to the latter section; and (c) that before the pronouncement of judgment by the court, the defendant stated under oath that he had been previously convicted of a felony.

The purpose of this last paragraph in the commitment is obvious and the conclusion impelling, that the court made the fact of defendant's previous felony conviction the basis for the aggravated punishment stated in the sentencing paragraph immediately preceding. What other purpose could there be for inserting in the commitment the fact of a defendant's previous conviction if not to explain the reason for the additional punishment imposed by the court? The defendant concedes and the record shows that he was twice convicted of felonies before the commission by him of the instant crime. He makes no claim and none can reasonably be advanced that he was not properly informed against pursuant to section 1943 of the Penal Law. I have carefully read the information and I see no substantial defect in its form or contents that would vitiate the process by virtue of which the defendant is now being held. True that it contains no allegation indicating that the defendant had served any term in prison by reason of his said previous felony convictions, but none is necessary to determine a defendant's status as a second felony offender pursuant to section 1941 of the Penal Law. (*People* v. *O'Donnell, supra,* p. 568; *People* v. *Wengorra,* 256 App. Div. 508.)

Submit order accordingly.