THE PEOPLE OF THE STATE OF NEW YORK ex rel. MAX BECKER, Relator, against WALTER B. MARTIN, as Warden of Attica State Prison, Defendant.

Supreme Court, Special Term, Cayuga County, August 28, 1947.

*Max Becker,* relator in person.

*Theodore M. Coburn, District Attorney,* for the People.

*Nathaniel L. Goldstein, Attorney-General (William S. Elder* of counsel), for defendant.

WARNER, J.  The relator herein was convicted by the verdict of a jury in Supreme Court, Cayuga County, on May 21, 1930, of the crime of attempt to escape from State prison in violation of section 1695 of the Penal Law.  He was sentenced by Justice BENJAMIN B. CUNNINGHAM on May 21, 1930, to be imprisoned " at hard labor in the State Prison, at Auburn, New York, for the term of twelve years."

Relator herein contends that said sentence of twelve years for the crime of which he was convicted is an excessive sentence and defective because it wholly fails to disclose any reason for a period of imprisonment in excess of three and one-half years.  (Penal Law, §§ 261, 1935.)

Relator had previously been sentenced to State prison for the crimes of burglary, third degree, and grand larceny, second degree, as a second offender, to a term of thirty years.  However there is nothing contained in the commitment for his conviction for violation of section 1695 of the Penal Law which explains the reason for the increased punishment beyond that authorized by law for a first felony offender nor is there any reference therein to proceedings had under section 1943 of the Penal Law.

A certificate of judgment should disclose or explain the reason for the aggravated punishment if there be such. (*People ex rel. Robideau* v. *Kaiser,* 134 Misc. 468; *People* v. *O'Donnell,* 177 Misc. 562; *People* v. *Horton,* 179 Misc. 741.)

Apparently it was purposed to give effect to an aggravated punishment in the commitment as made for the crime of which the relator was convicted on May 21, 1930, since the sentence of twelve years cannot otherwise be justified on any grounds. What, if anything, then may we properly accept as the base for such aggravated punishment?

The District Attorney of Cayuga County urges, in opposition to the motion of the relator herein, that a sentence of seven years was mandatory under sections 1935 and 1941 of the Penal Law, and that Justice CUNNINGHAM was compelled, under section 1944 of the Penal Law, to sentence the defendant (relator) to at least five years' additional penalty for being armed.

In considering the argument thus advanced by the aforesaid District Attorney, it is to be noted that the certificate of judgment under consideration does not recite that the defendant, Max Becker, was convicted either as a second, third or fourth offender or that any proceedings were had under section 1943 of the Penal Law. A certified copy of the clerk's minutes of the trial of the defendant in the instant case, which are before the court, recites the following which is an excerpt from said minutes, to wit: " The Asst. Dist. Atty. moved for the passing of sentence, and filed an information, charging the Deft., with two former convictions. The Court ordered the Statement of the Deft., taken. The Deft., upon Interrogation showed no legal cause why judgment should not be pronounced against him, and immediately thereafter the Deft., was sentenced to the State Prison at Auburn for a term of twelve years, said sentence to begin at the expiration of his present sentence.''

Other than as set forth in said excerpt there is no reference in said clerk's minutes to any proceedings had under section 1943 of the Penal Law. On the argument of the within motion the said District Attorney filed an affidavit made by him setting forth that he was Assistant District Attorney of Cayuga County in the trial of the defendant, Max Becker, in May, 1930; that he personally filed an information against the said Max Becker, charging two former convictions of felonies; that he was present in court when the Honorable Justice BENJAMIN B. CUNNINGHAM informed the defendant of the allegations contained in the information which he had filed and of defendant's right to be tried as to the truth thereof according to law, and that he heard the

defendant, Max Becker, say to the court that he was the same person charged in the aforesaid information with the two former convictions. It must be observed, however, that neither the said original information referred to by the District Attorney, nor any copy thereof, has been presented by the defendant to the court for its observation and examination, although it may be presumed that such an information would have become a part of the permanent record of criminal cases in the county of Cayuga. In *People* v. *Daniels* (38 N. Y. S. 2d 83) it was held in effect that when it is not shown by indorsement on the information, nor in the minutes, whether the requirements of the Penal Law as to arraignment for being a second offender, has been complied with and it is not shown that the commitment accurately indicates that the accused was sentenced as a second offender, the court may vacate judgment and order proper proceedings notwithstanding that the term at which judgment was entered has expired and that serving of sentence has begun. In the instant case, relator does not concede even that his " twelve year " sentence has begun. There is some force to relator's argument that said twelve-year term has not begun. This court does not deem it necessary, however, to determine that point for the purposes of this motion and, accordingly, further consideration is not given to it.

With respect to the argument that Justice CUNNINGHAM was compelled, under the provisions of section 1944 of the Penal Law, to impose increased punishment for an additional five years for being armed, it is to be noted that there is nothing in the indictment charging the defendant with committing the crime in question while armed (nor was he indicted as a second offender) and the verdict of the jury, as specifically stated in the clerk's minutes hereinbefore referred to, was: " Guilty as charged in the indictment." This verdict was certainly not a verdict that the defendant was armed. Neither is there any reference, whatever, in either the stenographer's minutes of a sentence, or the certificate of judgment as to any weapon or instrument specified in sections 1896, 1897 and 1897-a of the Penal Law. (*People ex rel. Schoen* v. *Murphy*, 243 App. Div. 216; *People ex rel. Romano* v. *Brophy*, 280 N. Y. 181.) Even when a commitment recites the necessary jurisdictional facts (which it fails to do in the instant case) the defendant has the right to show that the committing magistrate acted without authority. It is the law that no court or officer can acquire jurisdiction by the mere assertion of it. (*People* v. *Caruso*, 249 N. Y. 302; *People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559.)

In the instant case the certificate of judgment attached to and made a part of the petition, and the certified copy of such certificate attached to the return of the respondent, are void of any explanation for the increased punishment. This omission of explanation may not be supplied by proofs offered some eighteen years later. In *People ex rel. Newman* v. *Foster* (297 N. Y. 27, 30) the court said: " To permit proof of facts different from those alleged would lead only to abuse and to impossibility of administration."

It is clear in this case that neither the commitment nor the minutes of the court disclose that the defendant was sentenced as a second or third felony offender, pursuant to the provisions of section 1941 and 1943 of the Penal Law. It is clear also, that neither said commitment, nor the minutes of the court, disclose that increased punishment was imposed pursuant to the provisions of section 1944 of the Penal Law. Moreover, doubt is justified on the papers before this court as to whether the requirements of section 1943 of the Penal Law were properly observed when defendant was arraigned. All of these circumstances suggest that the application of the relator is based upon substantial grounds.

The court deems it not inappropriate to make reference in its decision herein to the fact that a letter, written by Mr. Justice CUNNINGHAM to the relator herein, under date of August 11, 1941, in relation to a motion which Max Becker, relator herein, proposed to make with respect to a resentence under the judgment of the court which is now under consideration, was offered and received in evidence on the hearing of the within motion. In said letter Mr. Justice CUNNINGHAM advised Mr. Becker that he would be unable to hear the proposed motion, by reason of the fact that he was then on the Appellate Division. He then proceeded to make certain procedural suggestions to Mr. Becker and concluded the letter as follows, to wit: " In view of all the circumstances, if I were sitting and your motion came up, I would reconsider the sentence imposed and suspend sentence. I have not any objection to your making known to the Court my feeling in this matter."

This letter was received in evidence over the objection of District Attorney Coburn, who appeared in opposition to the motion. There may be question as to its competency. Moreover, if competent, the declaration of Mr. Justice CUNNINGHAM in relation to the subject would not be binding on this court and the same is not given force or effect by this court in reaching its determination herein.

The judgment herein is vacated. Let the defendant herein be produced in civilian clothes before the Supreme Court at Auburn, New York, on September 22, 1947, at two o'clock in the afternoon for resentence. Let the Warden of Attica State Prison, where he is now confined, produce the defendant, Max Becker, at the time and place aforesaid and in the event final disposition of this matter cannot then take place, that the said defendant be continued to be held until the final order of this court and that he be confined in the Auburn State Prison, the warden of which institution is directed to receive the defendant, subject to the further order of the Supreme Court of Cayuga County, or any other court of competent jurisdiction.

Let appropriate order be entered accordingly.