Thomas Dickers, J.
In this application, defendant invokes article 78 of the Civil Practice Act against the District Attorney as sole respondent, charging him with dereliction of duty as a public officer.
Certain incidents relating to the trial of defendant, held some time ago, form the substance of the charge, the details of which, in view of my adverse ruling on this motion as a matter of law, are needless to state here.
Defendant applies also for a transcript of the minutes of the trial. These minutes, sometime after the trial, became the subject of judicial inquiry in a coram nobis motion brought before me by defendant. I denied that motion. (People v. Moore, N. Y. L. J., Sept. 16, 1960, p. 13, col. 4.) Thereafter, defendant filed a notice of appeal from my order of denial. The transcript is for use in the prosecution of the pending appeal.
Neither of the objectives of this motion finds favor with the law as it is applied here.
Article 78 of the Civil Practice Act with respect to judicial relief against a public officer for a failure of official duty, is a civil proceeding of a special nature (People ex rel. Griffin v. Steele, 2 Barb. 397, 6 N. Y. Leg. Obs. 54, 1 Edm. Sel. Cas. 505; Matter of Eiss v. Summers, 205 App. Div. 691, appeal dismissed 236 N. Y. 638) and, therefore, such kind of relief thereunder resides in the plenary power of the Supreme Court. (See Civ. Prac. Act, § 1287.) Although the Supreme Court is empowered to exercise both civil and criminal jurisdiction (Civ. Prac. Act, § 64; Code Crim. Pro., §§ 11, 22), the Court of General Sessions, as a criminal branch of the courts of this State, is, on the other hand, empowered to exercise only criminal jurisdiction. (Code Crim. Pro., § 51.) And, as a court limited to criminal jurisdiction (People ex rel. Jerome v. Court of General Sessions, 185 N. Y. 504) with its powers circumscribed by the provisions of the Criminal Code (People ex rel. Curtis v. Kidney, 225 N. Y. 299, 301; People ex rel. Hirschberg v. Orange County Ct., 271 N. Y. 151), General Sessions lacks the power to exercise civil jurisdiction. (Matter of Ryan [Hogan], 306 N. Y. 11, 17. See, also, People v. Washor, 196 N. Y. 104; People v. Ruttles, 172 Misc. 306, 307; Matter of Schneider v. Aulisi, 307 N. Y. 376; De Hart v. Hatch, 3 Hun 375, 380.)
To go one step farther, no consent (assuming its implication by virtue of the application made to this court) for the conferring of jurisdiction, can be given to a court which had none (People ex rel. Battista v. Christian, 249 N. Y. 314, 320; People v. Jones, 142 App. Div. 180, 183; People v. Dohring, *1016 59 N. Y. 374, 380), and no mere assertion of jurisdiction by any court or officer can enable the one or the other to acquire jurisdiction. (People ex rel. Schoen v. Murphy, 243 App. Div. 216; People ex rel. Becker v. Martin, 190 Misc. 488, 491.) Appropriate is this language ad rem from the case of People ex rel. Curtis v. Kidney (225 N. Y. 299, 304, supra): “ Courts which are created by written law and whose jurisdiction is * * * defined by written law, cannot transcend that jurisdiction. This is the established rule in all actions and proceedings, civil or criminal or of a criminal nature.”
Besides, it appears from the record of this court that the Statute of Repose (Civ. Prac. Act, § 1286), contained in article 78, has already taken its toll.
As to defendant’s request m forma pauperis for.a transcript of the trial minutes, I repeat what I had said in People v. Green (16 Misc 2d 746, 747) by quotation then from appellate authority: “ 1 Neither this court [App. Div., 4th Dept.] nor the court of original jurisdiction has power to furnish to a defendant, gratis, a transcript of the minutes of trial, after trial, except in cases where the judgment is of death or of life imprisonment following a recommendation of a jury pursuant to section 1045-a of the Penal Law (Code Crim. Pro., §§ 308, 485; cf. People v. Raymondi, 180 Misc. 973).’ ” (See, also, People v. Perdomo, 20 Misc 2d 613; People v. Cadogan, 4 Misc 2d 744; People v. Moylan, 4 Misc 2d 747.) See, also, my former decision denying the same kind of motion, which defendant makes no mention of in his moving papers. (See N. Y. L. J., Aug. 7, 1959, p. 3, col. 6.)
In any event, even if I were, at this time, bent toward letting defendant have a transcript, I would be unable to do so, because the minutes are not, at the present time, available here, being, as the result of defendant’s pending appeal, in the possession of the Appellate Division. (See General Sessions Clerk’s letter, dated Dec. 16,1960, in the file; also Code Crim. Pro., § 485, subd. 4; § 522.) The application should be made to that court. (People v. Edelson, 14 Misc 2d 1029, affd. 7 A D 2d 717, motion for reargument denied 7 A D 2d 970, cert, denied 359 U. S. 1014.) This motion in its entirety is denied.