Edmund A. McCarthy, J.
The defendant was indicted by the November, 1953 Grand Jury on the charge of burglary in the third degree and petit larceny. He was tried at the February, 1954 term of the County Court, found guilty by the jury and sentenced to Attica Prison, where he is now confined.
Under date of May 22, 1956 he has filed with the clerk of this court, a notice of motion and a pauper’s oath for the purpose of obtaining a copy of the stenographic minutes of his trial for the purpose of further review of his case. Section 1493 of the Civil Practice Act provides that a poor person may prosecute his action without paying fees, provided however, that stenographic minutes shall be furnished only on order of the court and upon the issuance of a certificate to the official stenographer of the sum to be paid by the county treasurer upon presentation.
The County Court of Bangs County in 1943 ruled that the court was without power to furnish a defendant, gratis, a transcript of the minutes after trial except where the judgment is of death or life imprisonment following a recommendation of a jury pursuant to section 1045-a of the Penal Law. (Code Crim. Pro., §§ 308, 485.) (People v. Raymondi, 180 Misc. 973.)
This appeared to be the first ruling on this particular phase of the law and it has remained the law since 1943. However, the United States Supreme Court on April 23, 1956 in Griffin v. Illinois (351 U. S. 12, 17) decided that, “ [i]n criminal trials a State can no more discriminate on account of poverty than on account of religion, race, or color.”
The ability to pay costs in advance bears no rational relationship to guilt or innocence and cannot be used as an excuse to deprive defendant of a fair trial.
There is no meaningful distinction as regards due process and equal protection between rule which would deny the poor *523 the right to defend themselves in a trial court and one which effectively denies the poor an adequate appellate review accorded to all who have money enough to pay costs in advance.
A State is not required by Federal Constitution to provide appellate courts or a right to appellate review at all, but this does not mean that a State that does grant appellate review could do so in a way that discriminates against some convicted defendants on account of their poverty.
There can be no equal justice where the kind of a trial a man gets depends on the amount of money he has.
Under the due process and equal protection clauses, destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts. Where convicted defendants allege they were poor persons with no means of paying necessary fees to acquire transcripts, and court records are needed to prosecute appeal, denial of a motion that copy of the record including stenographic transcript be furnished them without costs, was a denial of equal protection in due process and the defendants were entitled to relief.
Accordingly we recognize that the decision of the Supreme Court of the United States is the law of the land and that ‘‘ equal justice for poor and rich, weak and powerful alike is an age-old problem. People have never ceased to hope and strive to move closer to that goal. This hope, at least in part, brought about in 1215 the royal concessions of Magna Charta: ‘ To no one will we sell, to no one will we refuse, or delay, right or justice * * * No free man shall be taken or imprisoned, or disseised, or outlawed, or exiled, or anywise destroyed; nor shall we go upon him nor send upon him, but by the lawful judgment of his peers or by the law of the land.’ These pledges were unquestionably steps towards a fairer and more nearly equal application of criminal justice. In this tradition, our own constitutional guaranties of due process and equal protection both call for procedures in criminal trials which allow no invidious discriminations between persons and different groups of persons. Both equal protection and due process emphasize the central aim of our entire judicial system — all people charged with crime must, so far as law is concerned, ‘ stand on an equality before the bar of justice in every American court.’ Chambers v. Florida, 309 U. S. 227, 241. See, also, Yick Wo v. Hopkins, 118 U. S. 356, 369.” (Griffin v. Illinois, 351 U. S. 12, 16-17, supra.)
Accordingly the defendant will be furnished a copy of the stenographic record and a certificate issued to the official stenographer covering the statutory fees for such stenographic *524 minutes and the county treasurer will be directed to pay the official stenographer for said minutes.
Enter order accordingly.