Mitchell D. Schweitzer, J.
The defendant moves, in person, for an order of this court directing that a transcript of the trial minutes be furnished to him personally without charge. The identical motion was decided adversely to this defendant on August 13,1957, and this court will treat the instant motion as an application for a reargument. There is no provision in law for the granting of the defendant’s application to furnish him personally, gratis, with a transcript of the trial record (People v. Raymondi, 180 Misc. 973; People v. Brown, 3 A D 2d 696). The defendant has already moved in the Appellate Division for permission to appeal as a poor person and said motion has been granted with a direction that the appeal be heard on a typewritten brief and on the original record. The defendant’s remedy, if any, is to apply to the Appellate Division for the assignment of counsel and if that court deems this a proper case, counsel will be assigned (People v. Kalan, 2 N Y 2d 278). Under our appellate practice, the transcript of the trial record will be filed in the Appellate Division as part of the court’s return (see Code Crim. Pro., § 485). Upon such assignment, counsel would then have a full opportunity to inspect the trial record. The cases cited by the petitioner to sustain Ms position are readily distinguishable and inapposite. People v. Jackson (2 Misc 2d 521) is contrary to our established law and has been disapproved by the Appellate Division in People v. Brown (supra). In People v. Pride (3NY 2d 545) the appellant had been convicted in the Buffalo City Court. Under section 756 of the Code of Criminal Procedure, the Buffalo City Court as a Court of Special Sessions outside of the City of New York, was reqMred to make a return to all the matters cited in the affidavit of appeal and to cause the return to be filed in the office of the County Clerk. Section 49 of the Buffalo City Court Act (L. 1909, ch. 570, as amd.) requires that such person seeking to appeal must pay the reqMred fee for the return. The defendant in that case, because of indigency, failed to comply with the fee requirement and, as a result the neces *1031 sary return was never filed. Although the defendant’s application to the Supreme Court was for an order requiring that a transcript of the trial minutes be made available to him without charge, the Court of Appeals held that the application was sufficiently comprehensive so as to embody a request to compel the Clerk of the Buffalo City Court to make the return required by section 757 of the Code of Criminal Procedure, without the requirement that he pay the fee provided for in section 49 of the Buffalo City Court Act. Patently, that problem does not arise in the instant case because of the specific provisions of section 485 of the Code of Criminal Procedure. The Pride case followed closely the reasoning in Griffin v. Illinois (351 U. S. 12) where the court held, in substance, that where a procedure of a particular State was such that an indigent defendant would be denied the right of appellate review if he were financially unable to secure a transcript of the trial proceedings, then he would be entitled to such record, gratis. There is no provision under the Illinois law whereby a defendant had available to him a transcript of the trial proceedings in the event he was financially unable to purchase such record. Patently his financial situation, and that alone, deprived him of the fair and equal treatment guaranteed him by the Constitution, because he would then be necessarily precluded from obtaining adequate appellate review. As the court stated in People v. Pride (supra, pp. 550-551): “ It remains only to prescribe the relief required to render effective defendant’s review. In this regard we are left, in large measure, to our own discretion, for while the United States Supreme Court enunciated the general principle that a defendant in a criminal case is not to be denied an adequate review because of indigence, it by no means assumed to direct the precise method or procedure by which the right is to be effectuated. The determination remains for the State ‘ within the wide area of its constitutional discretion ’ (Griffin v. Illinois, 351 U. S. 12, 24, supra,).”
The defendant’s motion for reargument is granted and, upon such reargument, such motion is denied in all respects.