John J. Walsh, J.
Defendant herein by letter dated September 20,1959 moves in forma pauperis for an order directing the County Clerk to submit as the 1 ‘ Record on Appeal ’ ’ the following papers duly certified:
1. Indictments.
2. All stenographer’s minutes of preliminary hearing, arraignment, and trial.
3. Warrant.
4. Information charging Second Offender.
5. Commitment.
The defendant has filed a notice of appeal with the Oneida County Clerk from a judgment of conviction in this court.
In accordance with section 456 of the Code of Criminal Procedure, a copy of the stenographic minutes of the trial must be filed by the Clerk of the court in his office. This copy is then made a part of the judgment roll prepared by the Clerk pursuant to section 485 of the Code.
There is, therefore, no requirement for a defendant to make such a motion as herein made. It follows automatically by statute.
Defendant cites the recent case of People v. Pitts (6 N. Y. 2d 288) apparently for the purpose of having the record on appeal submitted to him personally.
The Pitts case is merely authority for the proposition that where the defendant is financially destitute and unable to purchase a copy of the testimony himself and because of the fact that he is unable to personally inspect the County Clerk’s copy because of his incarceration and no such copy of the testimony was filed as required, the appellate court should assign counsel to do it for him. It is specifically not authority for furnishing such testimony without charge even if requested in forma pauperis. (See People v. Pitts, supra; People v. Breslin, 4 N Y 2d 73, 77; People v. Brown, 3 A D 2d 696.)
The defendant’s attention is directed to sections 458-461, 534, 535, 538 and 541 of the Code of Criminal Procedure as to the procedure on appeal.
Motion denied.