John J. Walsh, J.
This is a motion by defendant to obtain a copy of the transcript of testimony taken at his trial in 1955 free of charge.
The court heretofore denied the informal application made by letter upon the basis of People v. Brown (3 A D 2d 696). Defendant has renewed his application upon a claim of poverty, citing Griffin v. Illinois (351 U. S. 12).
There is no obligation to furnish defendant with a free transcript of testimony even under the doctrine of Griffin v. Illinois (supra). As the Supreme Court said in Eskridge v. Washington Prison Bd. (357 U. S. 214, 216): “ We do not hold that a State must furnish a transcript in every case involving an indigent defendant.” (Italics supplied.)
In the Griffin case (supra) the defendant Griffin and one Crenshaw were convicted of armed robbery. Immediately and apparently timely, they requested a certified copy of the entire record including the testimony free of charge on the ground that this was needed to prosecute an appeal. From the denial of this request, they appealed to the Supreme Court.
It is clear that under Illinois law, defendants could not get a full direct appellate review of the alleged errors unless they (the defendants) furnished the appellate court with a bill of exceptions or report of proceedings at the trial certified by the Trial Judge. In this situation, the Supreme Court held that a State must furnish to destitute defendants the same adequate review as that furnished to defendants who have money enough to buy transcripts.
*770 In People v. Pride (3 N Y 2d 545 [1958]) the Court of Appeals held that a requirement of the Buffalo City Court Act which prevented a return on appeal from being filed because defendant was financially unable to purchase a transcript of the testimony violated defendant’s constitutional right as enunciated in the Griffin case.
However, none of these eases is applicable to this motion. The defendant was convicted on June 13,1955. He filed a notice of appeal to the Appellate Division on August 13, 1956 —14 months after his conviction. He then moved before that court for an order granting leave to appeal on the original record and handwritten briefs, which was denied on January 8, 1957 “ on the ground that no appeal is pending ”,
If an appeal had been pending at that time, a copy of the stenographic minutes of the trial would have been filed by the Clerk of this court in his office and would have been made a part of the judgment roll and would have been available both to the defendant and the appellate court (Code Grim. Pro., §§ 456, 485). It is clear that the situations in Illinois and Washington criticized by the United States Supreme Court in the Griffin and Eskridge cases (supra) are not present in New York State. Here there has been no denial of any constitutional right of an adequate appeal. Defendant is limited to any remedy he may have under corarn. nobis.
This court is without power to grant this application (People v. Brown, 3 A D 2d 696, supra). Denied.