Chandler S. Knight, J.
The defendant was convicted by a jury after a trial in County Court of possession of policy slips, in violation of section 975 of the Penal Law. He was sentenced to two months in the County Jail and, in addition, was fined $400. The defendant thereafter took an appeal to the Appellate Division, Third Department, from the judgment of conviction. On January 8, 1962, an order was made by the Appellate Division permitting the defendant to prosecute his appeal as a poor person (15 A D 2d 684).
The effect of such permission is to make it unnecessary for the defendant to go to the expense of hiring an attorney or of purchasing a copy of the trial minutes or of having a record on appeal printed and of filing 19 copies thereof with the appellate court. The appellate court has, in effect, consented that the defendant need not pay for anything necessary to effect his appeal and has agreed to hear his appeal upon a single typewritten copy of the record furnished by the stenographer which was filed with the County Clerk.
Section 456 of the Code of Criminal Procedure requires the Clerk of the court, within two days after notice of appeal is served, to notify the stenographer that an appeal has been taken whereupon the stenographer shall deliver to the Clerk a copy of the stenographic minutes of the entire proceeding of the trial. All records filed in the County Clerk’s office are public records. They are available for all to see, examine or copy, including the defendant or his attorney.
Prior to the argument of the appeal in the Appellate Division, the court Clerk, who is also the County Clerk, must file the copy of the minutes of the trial with the Clerk of the Appellate Division as part of the court’s return (Code Crim. Pro., §§ 458, 485).
On an appeal it is the usual practice for nonindigent appellants to purchase the minutes of the entire proceedings of the trial from the stenographer and have the judgment roll, which includes the trial minutes, printed and file 19 printed copies thereof with 19 printed copies of his brief with the Clerk of the Appellate Division.
*532 However, a defendant cannot be denied a right to appeal merely because he cannot afford to pay for the minutes of the trial, or to have the record printed, or to pay for the services of an attorney. There has been no time in the governmental history of our State where the court lacked the power to assign counsel for the defense of an indigent person charged with crime and to provide means for the defendant to have the benefit of the record of the trial at which he was convicted.
The defendant is now moving this court for an order directing a second copy of the trial minutes of his case to be furnished to him as a poor person at the expense of the county and to authorize the County Treasurer to pay the fees of the stenographer therefor.
Defendant’s motion is opposed by County Attorney William J. Stewart.
This is a criminal action. The law makes no provision for a second copy of the record to be furnished to the defendant or his attorney at county expense.
It is different in a civil action for a very good reason. On an appeal in a civil action the County Clerk cannot direct the stenographer to file a transcript of the minutes of the trial. Consequently, no copy of the minutes of the trial would be available for use by the indigent appellant in a civil action. Under that circumstance the court may order that a transcript of the minutes of the trial be furnished to him at county expense (Civ. Prac. Act, § 1493).
There is no authority by statute or by court decision which would allow this court to provide the defendant with a copy of the trial record at public expense. “ Neither this court nor the court of original jurisdiction has power to furnish a defendant, gratis, a transcript of the minutes of trial, after trial, except in cases where the judgment is of death or of life imprisonment * * * Any holding to the contrary, as in People v. Jackson (2 Misc 2d 521) we do not approve.” (People v. Brown, 3 A D 2d 696.)
In People v. Raymondi (180 Misc. 973), where the defendant moved the County Court of Kings County for an order to furnish the defendant, gratis, with a copy of the trial minutes, Judge Liebowitz said “ This motion must be denied. This court is without power to furnish to a defendant, gratis, a transcript of the minutes of trial, after trial, except in cases where the judgment is of death or life imprisonment ”.
In this case the defendant has an attorney who at all times has access to the minutes of the trial. “ That is for the reason that there is no statutory or constitutional provision by which *533 we may make available to the destitute a copy of the trial minutes free of charge. * * * However, as we have seen (supra), a stenographic copy of the trial minutes must be filed free of charge in the County Clerk’s office shortly after a defendant files his notice of appeal (Code Crim. Pro., § 456). So, in a situation where a destitute defendant is physically unable to inspect the record on file in the County Clerk’s office, the assignment of counsel on his appeal is required in order to make certain that that task is performed for him.” (People v. Pitts, 6 N Y 2d 288, 292-293; italics supplied.) Both attorneys cite this case in support of their contention.
On the argument of the motion the court inquired of the defendant’s attorney as follows:
“ The Court: Let me ask you this Mr. Insogna — Are you employed by the defendant, are you assigned, or are you doing it for him gratis? •
‘ ‘ Mr. Insogna: I am certainly not assigned. I have received no funds from Mr. Politano as of now, although I anticipate and hope I will be paid at some time in the future.”
The defendant contends that the case of Griffin v. Illinois (351 U. S. 12) is authority for granting his motion. I do not agree. The court held in that case that where “ an indigent person would be denied the right of appellate review if he were financially unable to secure a transcript of the trial proceedings, then he would be entitled to such record, gratis. There is no provision under the Illinois law whereby defendant has available to him a transcript of the trial proceedings in the event he was financially unable to purchase such record.” (People v. Edelson, 14 Misc 2d 1029, 1031.)
In New York State a transcript of the trial proceeding in a criminal case is always available to an indigent defendant on appeal. (People v. Pollino, 2 Misc 2d 524; People v. Roberts, 20 Misc 2d 769; People v. Green, 16 Misc 2d 746; People v. Moore, 20 Misc 2d 624.)
There is no requirement and no need for the defendant to make this motion. The statute automatically provides him with all his needs to appeal as a poor person. (People v. Ryan, 18 Misc 2d 878.)
It is evident that the defendant’s attorney has confused the remedy of an indigent person on appeal from a civil judgment with the remedy of an indigent person on appeal from a criminal judgment. His citations of statutes and court decisions have no application to this motion.
The Appellate Division and the Court of Appeals cases cited (supra) hold that this court has no “ power to furnish a defend *534 ant, gratis, a transcript of the minutes of trial ’ ’ and that ‘1 there is no statutory or constitutional provision by which we may make available to the destitute a copy of the trial minutes free of charge The defendant’s motion is, therefore, denied.